## YOUNG *v.* UNITED STATES.

The decision of the Court of Claims awarding, on the motion of the United States, a new trial, while a. claim is pending before it, or on appeal from it, or within two years next after the final disposition of such claim, cannot be reviewed here.

ON motion for a writ of *certiorari.*

A judgment was rendered in this case by the Court of Claims, May 15, 1874, from which the United States took an appeal to this court. On the 5th of May, 1876, while that appeal was pending, the United States moved the Court of Claims for a new trial, under the provisions of sect. 1088, Rev. Stat. The motion was as follows: —

" And now comes the Attorney-General in behalf of the United States, and moves the court to grant the United States a new trial in the above-stated case, lately decided in this court, and that an order may be made 'staying the payment of the judgment so rendered in favor of said Alexander Collie, the said claimant. And the Attorney-General herewith submits to the court in support of this motion the affidavits of sundry witnesses taken abroad by the counsel of the United States, and certain papers and documents duly proved and verified, which the United States, by its Attorney-General, says have been discovered and obtained since the trial of the case, and which evidence the United States, by its Attorney-General, insists should satisfy the court that fraud, wrong, and injustice have been done to the United States by the recovery by said Collie of said judgment."

Upon the hearing of this motion a new trial was granted. The United States then came to this court, and moved to dismiss their appeal. This motion was resisted by the then appellee, who asked that a writ of *certiorari* might issue to bring here the proceedings of the Court of Claims in granting the new trial. This application was denied, and the appeal dismissed. Afterwards, the Court of Claims reheard the cause, and gave judgment for the United States. From that judgment this appeal was taken; and the transcript of the record sent here contains the motion of the United States for the new trial and action of the court thereon, but not the affidavits filed in

support of or in opposition to the motion. The appellant now moves for a writ of *certiorari* to bring here these affidavits, with the papers and documents appended thereto.

Sect. 1088 of the Revised Statutes is in these words: —

"The Court of Claims, at any time while any claim is pending before it, or on appeal from it, or within two years next after the final disposition of such claim, may, on motion on behalf of the United States, grant a new trial, and stay the payment of any judgment therein upon such evidence, cumulative or otherwise, as shall satisfy the court that any fraud, wrong, or injustice in the premises has been done to the United States."

*Mr. W. W. MacFarland* and *Mr. J. Hubley Ashton* in support of the motion.

*Mr. Assistant Attorney-General Smith, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

Under the act of June 23, 1868 (15 Stat. 75), re-enacted in sect. 1008, Rev. Stat., it was said, in *Ex parte Russell*, 13 Wall. 664, that to justify the grant of a new trial "a new case must be made, — a case involving fraud or other wrong practised upon the government. It is analogous to the case of a bill of review in chancery to set aside a former decree or a bill impeaching a decree for fraud." This remark of the judge, in the argument of the opinion, is to be construed in connection with the particular objection to the jurisdiction of the Court of Claims he was then considering, which was "that the granting of a new trial after a decision by this court is, in effect, an appeal from the decision of this court." This, he said, "would be so, if it were granted upon the same case presented to us; but it is not. A new case must be made," &c.

When this case was before us at the last term, upon the application for the writ of *certiorari* to bring up the proceedings of the Court of Claims in granting the new trial, it was contended that the court had proceeded "without jurisdiction, power, or authority;" and, in denying the writ, we said, "the proceedings under which the new trial was obtained are now part of the record below, and, after judgment is finally rendered, may be brought here by appeal for review." *United*

*States* v. *Young*, 94 U. S. 258.    They are now here ; and the record, instead of showing that the court did not have jurisdiction to proceed, shows affirmatively that it had.    The motion, as made, brings the case directly within the statute.    That being so, the objection as to the jurisdiction of the court, which alone we were then considering, is answered.    A case having been made upon the record, such as would justify its interference, that court had the right to hear the evidence, and decide. Over its decision within that jurisdiction we have no control, for the statute has not provided an appeal.    The new trial is to be granted if the evidence submitted, whether cumulative or otherwise, is sufficient to satisfy that court " that fraud, wrong, or injustice had been done to the United States."    The act was passed for the protection of the United States.    It constitutes one of the conditions which Congress has seen fit to attach to the grant of a right to sue the United States.    The suitor cannot complain, for he accepted this condition of the jurisdiction when he commenced his suit.    If the record showed affirmatively that the Court of Claims had granted a new trial after the term at which the judgment was rendered, under circumstances which gave it no jurisdiction, — as, for instance, after the expiration of two years from the final disposition of the claim, or for some cause not within the provisions of the statute, — a different case would be made from that which is here now, and one which it will be time enough to consider when it arises.    We are all of the opinion that the decision of the Court of Claims, upon a motion by the United States, within the prescribed jurisdiction, is conclusive, and not subject to review. The claimant must rely upon his appeal from the final judgment upon the merits for protection against wrong under this form of proceeding.                                    *Motion denied.*