## MARSHALL'S U. S. AUTO SUPPLY, Inc., v. CASHMAN.

### No. 1983.

Circuit Court of Appeals, Tenth Circuit.

April 1, 1940.

Rehearing Denied May 9, 1940.

Barton E. Griffith, of Topeka, Kan. (Ralph T. O'Neil and John D. M. Hamilton, both of Topeka, Kan., on the brief), for appellant.

Charles Rooney and Roy N. McCue, both of Topeka, Kan., for appellee.

Before BRATTON and HUXMAN, Circuit Judges, and VAUGHT, District Judge.

BRATTON, Circuit Judge.

This is a suit to recover damages for personal injuries. Reference will be made to the parties as they appeared in the court below. Plaintiff purchased from defendant at its store in Topeka, Kansas, a tire for his automobile. Defendant maintained a continuing arrangement with a nearby garage under which for an agreed fee to be paid by defendant the garage mounted tires sold by defendant on the automobiles of the purchasers when the employees in the store were too busy to do so themselves. On the occasion in question the manager of the store requested the manager of the garage to mount the tire on the automobile of plaintiff, and an employee of the garage did so. The automobile was old, some of the cogs were broken from the flywheel, the self-starter would not function, and in consequence it was necessary to crank the motor by hand. Soon after the tire had been mounted, plaintiff cranked the motor, the engine was in gear, the car sprung forward, plaintiff was pinned between the front of the car and a brick wall, and he sustained serious injuries. The two major issues joined on the pleadings and presented by the evidence were whether in connection with the mounting of the tire the employee of the garage was an agent of defendant or an independent contractor, and whether he carelessly and negligently left the car in gear after mounting the tire, and told plaintiff that it was ready to be cranked and handed him the crank for that purpose, well knowing that the car was in gear.

The case was tried twice to a jury. The first jury returned a verdict for defendant, and judgment was entered upon it. On the tenth day after the entry of the judgment plaintiff served upon defendant an unverified motion for new trial containing four grounds in the following language: "1. Newly discovered evidence which is material and which plaintiff and his counsel, with due diligence, were unable to produce at the trial. 2. Mistake and prejudice on the part of the jurors. 3. The court inadvertently failed to fully and properly instruct the jury as to the law applicable in the case. 4. The verdict was secured by false testimony offered by the defendant."

The motion came on for hearing about ninety days after it was served. On the day of the hearing plaintiff filed a supporting affidavit in which the affiant stated that on the afternoon of the accident, sometime past mid-afternoon, and in the best judgment of the affiant about four o'clock, plaintiff came to the place of business of the affiant in Topeka, remained there some considerable time, transacted some business, and then departed. The affidavit, but nothing else in the nature of supporting evidence, was offered upon the hearing. The court entered an order sustaining the motion and granting a new trial on all of the grounds stated in such motion, and on the further ground that the court was not satisfied with the verdict.

The second trial resulted in a verdict for plaintiff. Judgment was entered upon it, from which defendant appealed.

■ The action of the court in setting aside the first verdict and judgment and granting a new trial is challenged for abuse of discretion. It is an inveterate rule of wide recognition that a motion for new trial is addressed to the sound judicial discretion of the trial court, and ordinarily an appellate court will not review the action thereon for error of fact. That rule has application in cases where the basis of the motion is excessive or inadequate damages. Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439; Chambers v. Skelly Oil Co., 10 Cir., 87 F.2d 853. An order granting or denying a new trial is not an appealable order. Hunt v. United States, 10 Cir., 53 F.2d 333. But on appeal from a final judgment subsequently entered the ruling may be assigned as error on the ground that the court abused its discretion. Southern Pacific Co. v. Klinge, 10 Cir., 65 F.2d 85, certiorari denied, 290 U.S. 657, 54 S.Ct. 72, 78 L.Ed. 569; Pettingill v. Fuller, 2 Cir., 107 F.2d 933, certiorari denied, 60 S.Ct. 609, 84 L.Ed. —— . And where a motion to set aside a verdict in favor of one party and to allow a new trial is granted through abuse of discretion, and on the second trial a verdict is returned and judgment rendered for the opposite party on appeal the second judgment will be reversed and the cause remanded with direction to enter judgment on the first verdict. Pettingill v. Fuller, supra.

■ Coming to the motion, the first ground was newly discovered evidence which was material and which plaintiff and his counsel, with due diligence, was unable to produce at the trial. But the substance of the evidence, the witnesses from whom or the sources from which it could be obtained, the diligence which had been exer-

cised, and the reasons which prevented its production at the trial were not set forth even in a sketchy manner. Neither was it alleged in any form that the evidence was of such character that it would probably change the result. And the affidavit did not aid or implement the motion for the reason that no extension of time was obtained within which to file such motion; the affidavit was verified long after the expiration of ten days following the entry of the judgment; and it therefore could not have been served with the motion within the ten-day period as required by Rule of Civil Procedure 59, 28 U.S.C.A. following section 723c. A motion for new trial on the ground of newly discovered evidence must show that the evidence was discovered since the trial; must show facts from which the court may infer reasonable diligence on the part of the movant; must show that the evidence is not merely cumulative or impeaching; must show that it is material; and must show that it is of such character that on a new trial such evidence will probably produce a different result. Prisament v. United States, 5 Cir., 96 F.2d 865.

■ The second ground in the motion was mistake and prejudice on the part of the jurors. Mistake and prejudice in what respect? Nothing whatever was set up. The entire proceedings had upon the first trial are in the record, and a careful examination of them fails to indicate any basis whatever for the contention that the verdict resulted from either mistake or prejudice. On the contrary the evidence discloses adequate basis for the verdict, without mistake or prejudice of the jury. Mistake or prejudice of the jury cannot be asserted with success in a motion for new trial or found by the court unless predicated upon some fact or circumstance from which it can reasonably be found or inferred.

The third ground was inadvertent failure to fully and properly instruct the jury respecting the law which was applicable to the case. The question or questions of law not adequately covered in the instructions was not pointed out, and the particular deficiencies of the instructions were not even suggested. The instructions seem to cover the issues and to be reasonably complete and accurate. Furthermore, no objections or exceptions were interposed to them. Instead, the parties expressly stated in response to an inquiry of the court that they had none.

The fourth and last ground was that the verdict was secured by false testimony offered by defendant. What testimony? Coming from what source? Given by what witness or witnesses? False in what respect? The motion was completely silent. The evidence presented conflicts, but they were not extraordinary or substantially different from those frequently present in the trial of commonplace cases. Litigation would become interminable if trial courts shall take it upon themselves to set aside every verdict where the evidence is conflicting.

It is manifest that on clear considerations the motion was inadequate and defective in essential respects and failed to meet recognized requirements for such a pleading. The granting of it exceeded the exercise of sound judicial discretion; it constituted an abuse of discretion.

■ Stress is laid upon the point that a new trial was granted on the additional ground that the court was not satisfied with the verdict. But that was wholly ineffective for in that respect the court acted on its own initiative, and Rule 59(d), supra, limits the time within which a court may order a new trial on its own initiative to ten days from the entry of the judgment. That time had long since expired, and the seasonable serving of the motion did not operate to extend the time within which the court could act on its own initiative. It follows that at the time the order was entered the court was without power to order a new trial otherwise than on the motion.

Other questions are discussed but they grow out of the second trial, and the conclusion which we have reached in respect of the action of the court in setting aside the first verdict and allowing a new trial renders it unnecessary to consider them.

The judgment is reversed with costs, the order setting aside the verdict for defendant and granting a new trial is vacated, the verdict for defendant is reinstated, and the cause is remanded with direction to enter judgment for defendant on such verdict.