### FREID v. McGRATH.

No. 7895.

United States Court of Appeals for the District of Columbia.

Decided Nov. 23, 1942.

Mr. Lawrence Koenigsberger, of Washington, D. C., with whom Messrs. Morris Simon and Eugene Young, both of Wash-

ington, D. C., were on the brief, for appellant.

Mr. Carlton F. Alm, of Washington, D. C., with whom Messrs. Dorsey K. Offutt and Wade H. Mitchell, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

Appellee, Catharine McGrath, was riding as a passenger in an automobile belonging to Nathaniel Taube when it collided with an automobile belonging to appellant David A. Freid. She sued both Taube and Freid to recover damages for injuries and the cases were consolidated for trial. The verdict in the first trial was in favor of appellee, against each of the two defendants in the sum of $425. On April 30, 1940, seven days after entry of judgment on this verdict, appellee made a motion "to correct the record and enter the correct and true verdict of the jury," upon the grounds set out in the margin.[1] She supported her motion by affidavits of the foreman and of three other members of the jury. On May 2, 1940, appellant moved to strike these affidavits. On the same day the trial judge held a hearing on the pending motions. During the course of the argument, the court and counsel engaged in the conversation set out in the margin.[2] The court

[1] "1. That the above case was consolidated for trial with the cases of Catharine McGrath v. Nathaniel J. Taube, Law No. 90260, Helen Cusack v. Nathaniel J. Taube, Law No. 90262, and Helen Cusack v. David A. Fried, Law No. 90263. 2. That the jury, after due deliberation, arrived at a verdict of Eight Hundred Fifty Dollars ($850) in favor of the plaintiff, Catharine McGrath against both defendants, David A. Fried and Nathaniel J. Taube, but through inadvertence and mistake, the jury informed the Court that their verdict was in the sum of Four Hundred Twenty-Five Dollars ($425) in favor of the plaintiff against the defendant David A. Fried, and Four Hundred Twenty-Five Dollars ($425) in favor of the plaintiff against the defendant, Nathaniel J. Taube, in the case Law No. 90260. 3. That it was the intention of the jury and the true verdict of them that the amount of their finding should be in favor of the plaintiff against both defendants, Nathaniel J. Taube and David A. Fried, who are joint tort-feasors."

[2] "The Court: Frankly, I don't think I have any right to grant this motion. I think that is absolutely fixed by these verdicts. *The only question is whether or not that is ground for a motion for a new trial. We haven't such a motion. I don't know whether counsel is making it, or not.*
"Mr. Koenigsberger: *I am not arguing a motion for a new trial.*
"The Court: *I don't know whether the time for a motion has gone by.*
"*Do you wish to make a motion for a new trial as well as a motion—*
"Mr. Offutt (interposing): Yes, your Honor, I wish to do that if your Honor will let me bring the jury in, and reserve your decision on it until we can give you some briefs on it.
*     *     *     *     *
"Mr. Koenigsberger: For the sake of the record, let it be stated that we object to the entire procedure.
"The Court: If you don't want me to hear it on any further evidence—Do you want me to hear it on this evidence?
"Mr. Koenigsberger: I don't want your Honor to hear it on the affidavits, either.

then called in ten of the jurors and questioned them concerning their verdict. Thereafter, the court and counsel engaged in the following conversation: "The Court: All right, gentlemen, what do you want to do? You say you want to file briefs? Mr. Koenigsberger: I should like to. The Court: All right; then, *you proceed to file your corrected motion within two days,* and then you may file a brief, if you don't want to say any more. Mr. Koenigsberger: No, sir." [Italics supplied.] On May 3, 1940, appellee filed the following: *"Amendment Adding Motion for New Trial in the Alternative to Motion to Correct the Record and Enter the Correct and True Verdict of the Jury.* The plaintiff, by her attorneys, amends her Motion to correct the record and enter the correct and true verdict of the jury, filed herein, and moves the Court to grant a new trial in the above-entitled cause in the alternative, in event the Court over-rules the Motion to correct the record and enter the correct and true verdict of the jury, *and for reason therefor refers to the reasons set out in the original Motion,* and plaintiff further states that in the event the Court does not correct the record and enter the correct and true verdict of the jury, the plaintiff should have a new trial." [Italics supplied in part.] Appellee's points and authorities filed in support of the motion for a new trial stated: "In support of Motion for new trial, plaintiff relies upon the affidavits of the jurors previously served upon counsel for defendant in conjunction with the Motion to correct the record and enter the correct and true verdict of the jury, filed herein." On a date not revealed by the record appellee filed the following: *"Further Amendment to Motion for New Trial.* The plaintiff further amends her motion for new trial and moves the Court to award a new trial only on the question of damages, and for grounds therefor states as follows: The affidavits and testimony of the jurors herein and the verdict of the jury establishes beyond any doubt that the jury has decided the question of liability in this case, and that the motion for new trial should be limited to a determination by the jury of the amount of damages to be awarded to the plaintiff." On June 20, 1940, the court denied appellee's motion to correct the verdict and granted appellant's motion to strike the affidavits and testimony of the jurors from the files. Its order recited further that: " * * * the Court being of the opinion that the damages found by the jury were inadequate, the amended motion for a new trial is granted only as to the amount of the damages." On January 9, 1941, the case was again tried and the jury awarded a verdict of $2,100. This appeal followed.

Appellant assigns as error the granting of the new trial. He contends that in granting it, the trial judge acted upon his own initiative; that the order exceeded the power of the court and was invalid, because the time within which a new trial may be granted by the court on its own motion is limited to ten days after entry of judgment[3] and this period was not extended by the timely filing of the appellee's motion for a new trial.[4]

---

"The Court: I overruled your motion to strike, and if you wish to continue I will continue with it, *and also consider a motion for a new trial.*

"Mr. Koenigsberger: I am not objecting on the ground of time of day, but I am objecting to the procedure, and *I am also objecting to your Honor considering a motion for a new trial because no such motion has been filed.*

"The Court: *I think the Court can consider it.*

"Mr. Koenigsberger: I stand on my rights, now, under the new rules, which say that the motion for a new trial must be in writing and served on me.

* * * * *

"The Court: *Then may we proceed with the understanding that he will file his motion for a new trial nunc pro tunc.*

"Mr. Koenigsberger: I am not disposed to make any great point about that, but I do not concede it is proper to take any evidence.

"The Court: Then we may consider it on the affidavits?

"Mr. Koenigsberger: No, I do not want your Honor to do that, either; I don't want your Honor to read the affidavits.

"The Court: I will not decide it on the affidavits—

"Mr. Koenigsberger (interposing): And I object to it." [Italics supplied.]

[3] Federal Rules of Civil Procedure, Rule 59(d), 28 U.S.C.A. following section 723c, reads: "Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor."

[4] Marshall's U. S. Auto Supply, Inc., v. Cashman, 10 Cir., 111 F.2d 140, 142, cer-

The first question which we must decide is whether the order appealed from is reviewable. Our attention is directed to dicta, which appear in *Fairmount Glass Works v. Cub Fork Coal Co.,*[5] upon the basis of which it is urged that the Supreme Court has declared a rule which forbids review, by an appellate court, of the action of a federal trial court in granting a new trial. Obviously, there is no such rule of absolute and universal operation. Otherwise, the district court might grant new trials in cases over which it had never acquired jurisdiction, as in cases tried in the municipal court; or where it had lost jurisdiction, as in cases pending on appeal in this court or in the Supreme Court and in cases long since concluded, with judgments satisfied of record; all without let or hindrance, while this court and the Supreme Court must stand by powerless to act upon the appeals of despoiled litigants.

Obviously, what the Supreme Court said in the Fairmount case was intended to apply to nothing more than timely action, by a trial court of competent jurisdiction, in a case properly pending before it, pursuant to applicable rules of civil procedure,[6] and within the range of its discretionary power.[7] This is conclusively shown by the following considerations: (1) On the page following that on which appears the enunciation of the supposed rule the Court said: "Under certain circumstances the appellate court *may inquire* into the action of the trial court on a motion for a new trial. Thus, its denial may be reviewed if the trial court erroneously excluded from consideration matters which were appropriate to a decision on the motion, Mattox v. United States, 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917; Ogden v. United States [3 Cir.], 112 F. 523; or if it acted on the mistaken view that there was no jurisdiction to grant it, or that there was no authority to grant it on the ground advanced, Felton v. Spiro [6 Cir.], 78 Fed. 576, 581; Dwyer v. United States [9 Cir.], 170 F. 160, 165; Paine v. St. Paul Union Stockyards Co. [8 Cir.], 35 F.2d 624, 626–628. It becomes necessary, therefore, to determine whether the circumstances of the case at bar justify an enquiry into the trial court's refusal to set aside the verdict." [8] [Italics supplied in part.] (2) On a subsequent page of the same case the Court recognized the propriety of appellate review because of error of law in the action of the trial court.[9] (3) On the same page the Court expressly reserved opinion on the question whether the trial court's action may be reviewed on the ground of abuse of discretion.[10] (4) The statement of the general rule in the *Fairmount* case—so far as it speaks of *granting* a new trial—is dictum. The order of the trial court there under review *denied* a new trial. The reasons referred to by the Court, in support of the

tiorari denied 311 U.S. 667, 61 S.Ct. 26, 85 L.Ed. 428; Johnson v. Joseph Schlitz Brewing Co., D.C., E.D.Tenn., 33 F. Supp. 176, 182.

[5] 287 U.S. 474, 481, 53 S.Ct. 252, 254, 77 L.Ed. 439: "The rule that this Court will not review the action of a federal trial court in granting or denying a motion for a new trial for error of fact has been settled by a long and unbroken line of decisions; and has been frequently applied where the ground of the motion was that the damages awarded by the jury were excessive or were inadequate. The rule precludes likewise a review of such action by a Circuit Court of Appeals."

[6] Phillips v. Negley, 117 U.S. 665, 671, 6 S.Ct. 901, 29 L.Ed. 1013. See Young v. United States, 95 U.S. 641, 24 L.Ed. 647.

[7] See note 10 infra.

[8] Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 482, 483, 53 S. Ct. 252, 77 L.Ed. 439.

[9] Ibid., 287 U.S. at page 485, 53 S.Ct. at page 255, 77 L.Ed. 439: "The record

before us does not contain any explanation by the trial court of the refusal to grant a new trial, or any interpretation by it of the jury's verdict. In the absence of such expressions by the trial court in the case at bar, the refusal to grant a new trial cannot be held erroneous as a matter of law."

[10] Ibid., "It is urged that the refusal to set aside the verdict was an abuse of the trial court's discretion, and hence reviewable. The Court of Appeals has not declared that the trial judge abused his discretion. Clearly the mere refusal to grant a new trial where nominal damages were awarded is not an abuse of discretion. This Court has frequently refrained from disturbing the trial court's approval of an award of damages which seemed excessive or inadequate, and the circuit courts of appeals have generally followed a similar polity. Whether refusal to set aside a verdict for failure to award substantial damages may ever be reviewed on the ground that the trial judge abused his discretion, we have no occasion to determine."

354

rule, concern the impropriety of appellate interference with orders *denying* new trials. They do not apply to review of orders *granting* them. (5) All cases cited by the Court in support of its enunciation of the rule are, similarly, concerned with orders *denying* new trials. (6) The statement in the Fairmount case is limited to "granting or denying a motion for a new trial *for error of fact * * *.*" [Italics supplied.]

But, fortunately, the Supreme Court has removed whatever doubt there may have been upon the subject, by its later action. Six years after the decision in the *Fairmount* case, it promulgated rules of civil procedure for the district courts of the United States. One of those rules requires that if a judge orders a new trial upon his own initiative he must do so not later than ten days after entry of judgment and must specify the grounds therefor.[11] It is idle to contend that if a trial judge fails to comply with the express terms of the rule, appellate review of his action is barred by ambiguous dicta spoken six years before its promulgation.

We come then to the question whether the trial court, in the present case, acted upon a motion, under Rule 59(a) (b), or whether it acted of its own initiative, under Rule 59(d). If it acted under the earlier paragraphs, its action was timely. If it acted under Rule 59(d), its action was not timely and its order must be reversed.

The order in controversy reads as follows: "This cause coming on for hearing upon various motions, it is this 20th day of June, A. D., 1940; Ordered, that the motion of the defendants to strike from the files the affidavits in support of the plaintiffs' motion for a new trial is granted, and the testimony of the jurors taken in open court is hereby stricken out by the court on its own motion. It is further ordered, that the motion of the plaintiffs to correct the verdict and to enter a verdict different from that returned by the jury is denied; *And the Court being of the opinion that the damages found by the jury were inadequate, the amended motion for a new trial is granted only as to the amount of the damages.*" [Italics supplied.] Appellee explains the action of the judge on the the-

ory that his language was "a mere statement of the facts and circumstances from which the court could reasonably find or infer that the jury had made a mistake;" that his statement did not constitute the *grounds* for granting the new trial; that the inadequacy of a verdict is important *only when it appears*, either from the unreasonableness of the amount or other circumstances, to be the result of mistake, passion or prejudice on the part of the jury; hence, that in granting a new trial on the ground of inadequacy the judge had in mind the mistake of the jury; consequently, that he did not grant a new trial on his own initiative, but on a ground urged by appellee in her motion.

But appellee's explanation is not supported by the record. On the contrary, appellant's contention that the judge acted upon his own initiative is clearly correct.[12] Appellee's original motion was not for a new trial, but "to correct the record." [13] The first suggestion concerning a new trial came from the trial judge and it was several times repeated by him before it was accepted by appellee. When the motion for new trial was presented it was in the alternative to her earlier motion to correct the record; it contained no statement of reasons for a new trial except that it referred to the reasons set out in the original motion, which we have reproduced at an earlier point in this opinion. Finally, appellee filed the third motion entitled *"Further Amendment to Motion for New Trial,"* which also was set out at an earlier point in this opinion.

The trial judge purported to grant "the amended motion for a new trial * * *," but the following considerations show clearly enough that he was acting upon his own initiative; even apart from the insufficiency of the three motions to support his order: (1) The order recited, as the sole ground therefor, inadequacy of the damages found by the jury. (2) This ground was not assigned in any of appellee's motions; but was suggested for the first time in the order granting the new trial, entered on June 20, 1940, nearly a month after the entry of judgment. (3) The specification in the order, of inadequacy of damages, was apparently in satis-

---

[11] Federal Rules of Civil Procedure, Rule 59(d). Cf. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 253, 254, 61 S.Ct. 189, 85 L.Ed. 147.

[12] Cf. Smith v. Kansas City Pub. Serv.

Co., 328 Mo. 979, 993, 994, 43 S.W.2d 548, 554, 555.

[13] *"Motion to Correct the Record and Enter the Correct and True Verdict of the Jury."*

faction of the requirement of Rule 59(d), namely, where the judge acts of his own initiative. When the new trial is granted upon motion of a party, the grounds appear in the motion, as the reasons assigned by the movant in compliance with the requirements of Rule 59(a). When the judge acts of his own initiative he must set out the grounds in his order. Otherwise, the purpose of the rule will not be accomplished; the record will not reveal the basis upon which the order is made or permit intelligent review by an appellate court. (4) The specification of inadequacy of damages as the ground of the order in the present case was not made to depend upon appellee's motion. The language of the order is significant in this respect: "And the *Court being of opinion* that the damages found by the jury were inadequate * * *." (5) The granting of the amended motion for a new trial was expressly limited to the amount of damages. This indicates that it was the third motion, alone, upon which the court purported to act; and this motion—of all the three—contained the least suggestion of reasons for a new trial. (6) In the same order, as that which granted the new trial, the trial judge granted appellant's motion to strike from the files the affidavits and testimony of the jurors in support of appellee's motions to correct and for a new trial. In other words, the judge indicated that he placed no reliance upon appellee's contention that mistake had occurred. Consequently, there is no basis for appellee's contention on this appeal that the order for a new trial was grounded upon mistake, or that the specification of inadequacy as a ground for the order can be so regarded. The theory of the motion to correct was that mistake had occurred; the purpose of the affidavits and testimony was to demonstrate that mistake had occurred. But the court repudiated both. These two phases of the order are completely irreconcilable with the idea that the theory of mistake had found lodgment in the mind of the court or that it acted upon that theory. Consequently, even if we were to assume that the court intended to act on the original motion for a new trial, nevertheless, having struck from the record the very basis of appellee's motion and having ruled adversely to her upon the grounds specified in that motion, there was thereafter no legally sufficient motion pending in the proceeding; and the order can logically be considered only as action taken on the initiative of the court.[14]

■■ It is urged that judges may properly give weight to considerations not put forward by counsel; that a judge may properly grant a new trial for a reason wholly different from the reason assigned by a movant. There is no doubt that these contentions, standing alone, are correct. Paragraph (d) of Rule 59 contemplates that a judge may act in the manner suggested. But when he does so he acts on his own initiative. Logically extended this argument would lead to the conclusion that if a party moved for a new trial upon one ground, for example of *inadequate* damages induced by disregard of instructions as to the law, the trial judge might *grant this motion* upon another ground, for example *excessive* damages induced by passion or prejudice; in other words upon a ground exactly contrary to that urged by the moving party. But the purpose of the rule was not to permit such an opening up of the time within which a judge must act. To contend that when a motion for new trial has been timely filed, the time within which the judge may act to grant a new trial upon other grounds is thereby indefinitely extended misses the purpose of the ten-day limitation imposed by paragraph (d) of the rule.[15] The reason which underlies the limitation is the same salutary one as was discussed by the Court in the *Fairmount* case. When issues have been tried by a jury, its determination should not, casually, be set aside. Hence, appellate courts may commendably exercise restraint in reversing orders *denying* new trials. And trial courts should practice similar judicial restraint. It is important that there shall be an end of litigation. As has been well said: "It is neither correct nor useful to attach 'the monstrous penalty of a new trial' to supposed technical errors, if any, which are not prejudicial."[16] If the judge who presided at a trial is not sufficiently persuaded of the need for a new trial so that he acts within ten days following the entry of judgment—which may occur some time after the submission of the

[14] Marshall's U. S. Auto Supply, Inc., v. Cashman, 10 Cir., 111 F.2d 140, certiorari denied 311 U.S. 667, 61 S.Ct. 26, 85 L.Ed. 428.

[15] Id., 111 F.2d at page 142; Johnson v. Joseph Schlitz Brewing Co., D.C., E. D.Tenn., 33 F.Supp. 176, 182.

[16] Edgerton, J., dissenting in Lindsey v. United States, — U.S.App.D.C. —, 133 F.2d 368, decided December 1, 1942.

case—then the rule specifies that he may not thereafter act, of his own initiative, to require a new trial.[17] Naturally, he must have additional time within which to act upon a motion for new trial, because the time for serving such a motion is also ten days. But this constitutes no reason for extending indefinitely the time within which he may act of his own initiative. To permit him to do so would emasculate Rule 59(d), and defeat its salutary purpose. We would have no power so to amend the rule, even if we should believe that its purpose was not salutary.

*Reversed, with costs, and with directions to reinstate the verdict for plaintiff in the first trial and to enter final judgment thereon for the plaintiff.*

EDGERTON, Associate Justice (dissenting).

The District Court granted exactly what appellee had asked in her amended motion; a new trial as to the amount of damages. Moreover, the court's order was in these terms: "The amended motion for a new trial is granted * * *." Yet the prevailing opinion says that the judge did not grant the amended motion but acted of its own initiative.

I see no basis for saying that the judge did not grant the motion, in the teeth of his statement that he did. There is no logical or legal difficulty in granting for one reason a motion made for another reason.[1] And it seems to me a contradiction in terms to say, when a judge grants a party's motion, that he nevertheless acts upon his own motion; or, what comes to the same thing, that he acts of his own initiative. If he grants the party's motion he does not act of his own initiative; and vice versa. Rule 59(d) clearly expresses this dichotomy: "the court of its own initiative *may order* a new trial for any reason for which it *might have granted* a new trial on motion of a party * * *."[2]

Since the judge acted on appellee's motion, his action was timely. To reverse the judgment on the ground that counsel failed to foresee the judge's mental processes is to add a new, and I think a useless, technicality to the law.

---

[17] Except to the extent that leave of court is required under Federal Rules of Civil Procedure, Rule 59(b) (c) on the ground of newly discovered evidence.

[1] Cf. Hormel v. Helvering, 312 U.S. 552, 557, 61 S.Ct. 719, 85 L.Ed. 1037. The rule (Federal Rules of Civil Procedure, rule 7b, 28 U.S.C.A. following section 723c) that a motion shall state the "grounds therefor" does not require the court to deny a motion merely because the court is not impressed by the particular grounds which the motion states.

Moreover, appellee's motion for a new trial implicitly included an assertion of the very ground on which the judge granted the motion. Although the motion emphasized the idea that the jury's verdict did not express its actual estimate of the damages, the fact that appellee did not rest content with the verdict showed that she considered it inadequate as well. The idea that it was inadequate did not originate with the judge.

