CHICAGO AND NORTH WESTERN
RAILWAY COMPANY,
Appellant,

v.

Norbert W. BRITTEN, Special Adminis-
trator of the Estate of Joyce G.
Britten, Appellee.

CHICAGO AND NORTH WESTERN
RAILWAY COMPANY,
Appellant,

v.

Marilyn A. BRITTEN, a minor, by Nor-
bert W. Britten, her father, and next
friend, Appellee.

CHICAGO AND NORTH WESTERN
RAILWAY COMPANY,
Appellant,

v.

Jeanette L. BRITTEN, a minor, by Nor-
bert W. Britten, her father and next
friend, Appellee.

Nos. 16915–16917.

United States Court of Appeals
Eighth Circuit.

April 19, 1962.

R. D. Neely, Omaha, Neb., made ar-
gument for appellant. H. B. Otis and
Tyler B. Gaines, Omaha, Neb., were with
him on the brief.

No brief was filed for appellees but
Joseph P. Inserra, Omaha, Neb., made
argument in their behalf.

Before VOGEL and RIDGE, Circuit
Judges, and DEVITT, District Judge.

VOGEL, Circuit Judge.

These three actions were brought by
the plaintiffs to recover damages result-
ing from a collision between a Chicago
and North Western Railway Company
train and an automobile driven by one
Richard C. Ehrhorn and owned by Wal-
ter Ehrhorn, the accident occurring at a
crossing a short distance west of the city
limits of Omaha, Nebraska, on April 7,
1956. The three cases were consolidated
for trial before a jury. On February 4,
1961, the jury returned verdicts against
the plaintiffs and in favor of the defend-
ant Chicago and North Western Railway
Company and in favor of the plaintiffs
and against defendant Richard C. Ehr-
horn. On the same date the trial court
directed that entry of judgment on the
verdicts be withheld until further order
of the court. Subsequently, and on April
3, 1961, judgments on the verdicts were

properly entered. On April 10, 1961, plaintiffs moved to set aside the verdicts and judgments and to grant plaintiffs a new trial as to the defendant railway company only. Other motions were also filed—by Ehrhorn for a remittitur in two of the cases, and for judgment notwithstanding the verdict or in the alternative for a new trial as to him only in all three cases. On September 29, 1961, the trial court, after reviewing the history of the three cases and their trial resulting in the verdicts and judgments as aforesaid, stated, *inter alia:*

" * * * I have concluded that the verdicts of the jury in all three cases were erroneous, and that the interests of justice require that a new trial be granted. Accordingly,

*"It is ordered:*

"1. That the motions of the plaintiffs in all three cases for a new trial as to the defendant, Chicago and North Western Railway Co. only, be and they hereby are denied.

"2. That the motions of the defendant, Richard C. Ehrhorn, in cases Nos. 0555 and 0556 for remittitur be and they hereby are overruled.

"3. That the motions of the defendant, Richard C. Ehrhorn, for judgment notwithstanding the verdict or, in the alternative, granting Richard C. Ehrhorn a new trial be and they hereby are overruled.

"4. That the Judgments heretofore entered in cases No. 0555, 0556 and 0557 be and they hereby are set aside.

"5. That a new trial as to all parties in cases No. 0555, 0556 and 0557 be and it hereby is granted."

It is this order granting a new trial which is challenged on appeal. The single appellant here is defendant railway company. The only appellees are the three plaintiffs. We shall, in the interests of clarity, continue to designate the parties as they were in the trial court.

Defendant railway company in its brief on appeal makes two points:

1. That the order of the District Court granting a new trial is reviewable by a Court of Appeals, where the sole question presented is whether or not the District Court had jurisdiction to enter such order.

2. The order of the District Court granting new trials to the parties entered more than six months after entry of judgments, on grounds supplied of the court's own initiative, violated the provisions of Rule 59(d), Federal Rules of Civil Procedure, 28 U.S.C.A., and the court was without jurisdiction or power to make such order.

The plaintiffs filed no brief in resistance thereto but their counsel did appear and made oral argument. Plaintiffs' position, as indicated from such oral argument, is that Rule 59(d) is not applicable, that in reality the court acted on assignment No. 11 of the plaintiffs' motion to set aside verdicts and judgments and grant plaintiffs a new trial, such motion being applicable only to defendant railway company. Assignment No. 11 is as follows:

"11. For the reason that the verdict of the jury is so clearly wrong that it indicates that it was found through mistake or other means not apparent in the record."

No particulars such as required by Rule 7(b) (1), Federal Rules of Civil Procedure, 28 U.S.C.A., are set forth or even hinted at.

■ Ordinarily the granting or denial of a new trial rests within the sound discretion of the trial court. There is no appeal therefrom excepting for clear abuse of such discretion and then only on final judgment. Gallon v. Lloyd-Thomas Co., 8 Cir., 1958, 261 F.2d 26, at pages 27–28, and cases cited therein.

■ However, as this court said in the recent case of Tsai v. Rosenthal, 8 Cir., 1961, 297 F.2d 614, 616:

"Where the jurisdiction of the court to vacate judgment and grant a new trial is challenged, an appeal will lie to review the power or jurisdiction of the court to make such order. Phillips v. Negley, 117 U.S.

665, 6 S.Ct. 901, 29 L.Ed. 1013; Cooper v. Midwest Feed Products Co., supra [8 Cir., 1959, 271 F.2d 177]; Jackson v. Wilson Trucking Corp., 100 U.S.App.D.C. 106, 243 F. 2d 212; Kanatser v. Chrysler Corp., 10 Cir., 199 F.2d 610; City of Manning v. German Ins. Co., 8 Cir., 107 F. 52."

■ It is the claim of the defendant railway company that due to the fact that more than ten days expired following the entry of the judgments, the trial court was without jurisdiction to enter the order complained of because such order was of its own initiative. Rule 59, Federal Rules of Civil Procedure, 28 U.S. C.A., provides:

"*(d) On Initiative of Court.* Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor."

Examination of the motions for new trial submitted by plaintiffs and by defendant Ehrhorn reveals that a total of some thirty-four grounds are attempted to be set forth. With the exception of two assignments of error made by plaintiff (one alleging negligence in the use of excessive speed on the part of the railway company and the second charging negligence through failure to keep a proper look-out), all are no more than barren assertions—e. g., "For the reason that the verdict is not sustained by the evidence", "For the reason that the verdict is contrary to law", assignment No. 11, supra, etc. They are completely unbuttressed by the particulars required in Rule 7(b) (1), Federal Rules of Civil Procedure. See Marshall's U. S. Auto Supply, Inc. v. Cashman, 10 Cir., 1940, 111 F.2d 140, 141–142, certiorari denied 311 U.S. 667, 61 S.Ct. 26, 85 L.Ed. 428, where such type grounds were analyzed, discussed and rejected as inadequate and defective and the granting of a new trial based thereon was held to be an abuse of judicial discretion. See also Lynn

v. Smith, D.C.W.D.Pa., 1961, 193 F.Supp. 887, 888; United States v. 64.88 Acres of Land, D.C.W.D.Pa., 1960, 25 F.R.D. 88, 89–90; 6 Moore's Federal Practice, § 59.09(1), p. 3844 and Cum.Supp. 1961, p. 120 (2nd Ed.).

Be that as it may, the trial court here expressly denied and overruled the motions before it, and we think correctly so. But the trial court then granted a new trial as to all parties. In so doing, the court made it abundantly clear that it was acting on its own initiative— "I have concluded that the verdicts of the jury in all three cases were erroneous, and that the interests of justice require that a new trial be granted." The trial court, by specifically denying plaintiffs' and defendant Ehrhorn's motions for a new trial, was thereafter pointedly acting on its own initiative.

It is noted that the judgments based upon the jury verdicts were entered on April 3, 1961. The order granting the new trial was dated September 29, 1961, months thereafter. Judge Van Oosterhout, in Tsai, supra, said in 297 F.2d at page 617:

"Rule 59(d) has been interpreted by the courts as conferring jurisdiction upon the trial court to act upon its own initiative only during the ten days immediately following the entry of the judgment. Jackson v. Wilson Trucking Corp., supra [100 U.S.App.D.C. 106, 243 F.2d 212]; Kanatser v. Chrysler Corp., supra [10 Cir., 199 F.2d 610]; National Farmers Union Auto. & Cas. Co. v. Wood, 10 Cir., 207 F.2d 659; Freid v. McGrath, 76 U.S.App.D.C. 388, 133 F.2d 350; see Moore, Federal Practice, § 59.09 at p. 3851 and § 59.11 at pp. 3872–73.

"We agree with such interpretation. The rule appears to clearly and unambiguously so require. No express provision is made for extension of time for the court to act upon its own motion, in event a motion is made by a party, nor can such extension be fairly implied.

"It is undisputed that the court action here took place more than ten days after verdict and the entry of the judgment. Thus the court was without jurisdiction to grant a new trial upon its own motion as it purported to do." [1]

The situation here is not unlike that confronting the 10th Circuit in Marshall's U. S. Auto Supply, Inc. v. Cashman, supra, wherein the trial court entered an order granting a motion for a new trial on all of the grounds stated in such motion "and on the further ground that the court was not satisfied with the verdict." The appellate court there analyzed all of the grounds propounded by the movant and found them "inadequate and defective in essential respects". Then turning its attention to the District Court's action based on its own initiative, the court stated, 111 F.2d at page 142:

> "Stress is laid upon the point that a new trial was granted on the additional ground that the court was not satisfied with the verdict. But that was wholly ineffective for in that respect the court acted on its own initiative, and Rule 59(d), supra, limits the time within which a court may order a new trial on its own initiative to ten days from the entry of the judgment. That time had long since expired, and the seasonable serving of the motion did not operate to extend the time within which the court could act on its own initiative. It follows that at the time the order was entered the court was without power to order a new trial otherwise than on the motion."

The rule not only requires that where the court acts on its own initiative it must do so within ten days after entry of judgment, but it specifically provides further that the order granting the new trial "shall specify the grounds therefor." The only grounds specified herein were

that "the verdicts of the jury in all three cases were erroneous * * *." This does not comply with the aforementioned rule. See Fine v. Paramount Pictures, Inc., 7 Cir., 1950, 181 F.2d 300, 303; Freid v. McGrath, 1942, 76 U.S.App. D.C. 388, 133 F.2d 350, 354–355.

In the instant case, then, the trial court, after denying plaintiffs' motion for new trial against defendant railway company, and denying defendant Ehrhorn's motion for new trial, ordered, on its own initiative, a new trial as to all parties, doing so months after the entry of the judgments based upon the jury verdicts. It lacked jurisdiction so to do.

These cases are reversed and remanded with directions to reinstate the judgments entered on the verdicts of the jury.

---

1. Unlike Tsai, we do not note in the case at bar any factors which would lead us to the conclusion that the trial court had not considered the motions for a new trial in their entirety (297 F.2d at

621) and, therefore, we see no justification for remanding to the District Court for further consideration relative thereto.