**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant,**

v.

**SOUTHEASTERN, INC., Appellee.**

**No. 9853.**

United States Court of Appeals
Tenth Circuit.

Nov. 1, 1968.

William S. Hall, Tulsa, Okl. (W. E. Green and Raymond G. Feldman, Tulsa, Okl., with him on the brief), for appellant.

John M. Freese and Robert H. Tips, Tulsa, Okl., for appellee.

Before PHILLIPS, HILL and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Southeastern, the appellee, sued Indemnity Insurance, appellant, to recover on a comprehensive insurance policy purchased by Southeastern to protect against fraudulent or dishonest acts of employees. The trial court awarded a judgment to Southeastern in the net amount of $12,-000.00. Indemnity moved for a new trial pursuant to Fed.R.Civ.P. 59. This appeal was taken to review the trial court's findings and judgment of $12,000.00.

The basic facts are not in issue. Lovett, an employee of Southeastern, admitted he stole materials from his employer and delivered them to a private contractor. The admissions and confession of Lovett were introduced by an investigator and later by Lovett himself.

The issue on appeal is: Was the trial court's net judgment of $12,000.00 excessive and contrary to the evidence? Lovett testified that he kept an account of the materials stolen until they aggregated $2,700.00. He further admitted taking additional materials but his testimony is conflicting as to value.

Lovett's original admissions to the investigator, that were admitted as part of the res gestae, establish that a house was being built which had a value of $35,000.00 exclusive of land. The investigator testified that Lovett admitted, "he had stolen the entire house." A Mr. Wells, president of Southeastern, testified that he was experienced in pricing materials and that a rule of thumb estimate used by builders established that 50% of the cost of a home, exclusive of land, could be attributed to materials. Lovett testified that Southeastern's markup on materials was approximately 30% to 33½%. All parties admit Lovett paid his employer $1,000.00 after the theft had been discovered.

The trial court believed the evidence recited above and reduced the $35,000.00 figure to $17,500.00, then deducted a profit markup of $4,500.00, credited the $1,000.00 payment, and allowed judgment for $12,000.00. Although there was conflicting evidence, it is evident that the trier of the fact accepted Southeastern's evidence. Equity Oil Co. v. National Fire Ins. Co. of Hartford, 247 F.2d 393, 395 (10th Cir. 1957).

Indemnity contends the judgment is excessive.

"It is an inveterate rule of wide recognition that a motion for new trial is addressed to the sound judicial discretion of the trial court, and ordinarily

an appellate court will not review the action thereon for error of fact. That rule has application in cases where the basis of the motion is excessive or inadequate damages." Marshall's U. S. Auto Supply, Inc. v. Cashman, 111 F.2d 140, 141 (10th Cir. 1940).

Indemnity's argument relates to the sufficiency of competent evidence to sustain the judgment as well as whether the judgment is contrary to the evidence and all reasonable inferences to be drawn therefrom.

The exclusion clause in the policy (Exclusions, section 2, clause b) eliminates any claim that the insured must "conclusively prove" the loss. Fasullo v. Columbia Cas. Co., 195 So.2d 361, 365–366 (La.Ct.App.1967).

The Oklahoma Supreme Court has said:

"In an action to recover for losses under a fidelity insurance policy, the insured need not prove the amount of his loss beyond a reasonable doubt but only by a preponderance of the evidence. * * * Neither the terms of the policy in question nor the law of evidence preclude reliance upon circumstantial evidence. Since an exclusionary clause in the policy prohibited the use of inventory or profit and loss computations to prove loss, plaintiff relied upon 'evidence wholly apart from such computation,' and circumstantial evidence was a reasonable and appropriate means of proof." Pennsylvania Fire Ins. Co. (Philadelphia) v. Flaming, 424 P.2d 979, 981 (Okl.1967) (citations omitted).

In adopting the rule of the circuit set out in Leader Clothing Co. v. Fidelity & Cas. Co., 237 F.2d 7 (10th Cir. 1956), the Oklahoma Supreme Court continues:

"As a general rule, contracts of fidelity insurance should be liberally construed to accomplish the purpose of indemnity for which they are made. * * * Thus, when a loss covered by the policy is clearly established, the plaintiff should not be required to prove the amount of his loss with 'mathematical accuracy'. * * * In the factual setting of the present case, it is difficult to imagine what further proof, exclusive of accounting computations, plaintiff could reasonably have produced. Thieves normally do not keep accurate records of their thefts. Nor is it to be anticipated that a dishonest employee will have in his possession at the time of arrest all of the goods stolen from his employer. Under the circumstances, therefore, it is enough if there is a 'reasonable inference' as to the extent of the loss. * * * " Pennsylvania Fire Ins. Co. (Philadelphia) v. Flaming, 424 P.2d 979, 981–982 (Okl.1967) (citations omitted).

It is admitted a loss occurred because of the theft by the insured employee and that the policy sued upon was in effect and intended to cover this kind of loss. The sole question was whether or not the evidence was sufficient to sustain the judgment. We hold that it was, therefore, the verdict will not be disturbed. Pennsylvania Fire Ins. Co. (Philadelphia) v. Flaming, 424 P.2d 979, 982 (Okl.1967).

Affirmed.