Kirk **STEWART** and Margie Stewart, Plaintiffs,

v.

**WALBRIDGE, ALDINGER COMPANY,** a corporation of the State of Michigan, Defendant.

Civ. A. No. 93–266–JLL.

United States District Court, D. Delaware.

May 30, 1995.

See also 882 F.Supp. 1441.

Rachel Bernhardt Mersky, Walsh & Monzack, P.A., Wilmington, DE, for plaintiffs.

David M. Lukoff, Elzufon, Austin & Drexler, P.A., Wilmington, DE, for defendant.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

### I. *Procedural History*

Plaintiffs, Kirk and Margie Stewart, filed a complaint on July 7, 1993, (Docket Item ["D.I."] 1), and an amended complaint on July 13, 1993, (D.I. 4), alleging that the defendant, Walbridge, Aldinger Company ("Walbridge"), injured Mr. Stewart on Monday, June 10, 1991, by negligently stacking construction materials which, as a result, fell on him. They further alleged that Mr. Stewart's injury caused injury to Mrs. Stewart through loss of consortium. A trial was held on November 8 and 9, 1994. The jury was unable to reach a unanimous verdict and a mistrial was declared. The defendant filed a motion for judgment as a matter of law, (D.I. 48), and the Court subsequently filed an Opinion and Order which granted defendant's motion pursuant to Fed.R.Civ.P. 50(b), (D.I. 53, 54). Before the Court now is plaintiffs' timely motion for a new trial pursuant to Fed.R.Civ.P. 59.

### II. *Discussion*

The plaintiffs move the Court for a new trial on two alternative grounds: (a) newly discovered evidence, and/or (b) erroneous exclusion of evidence. Federal Rule of Civil Procedure 59 provides that:

> "a new trial may be granted to all or any of the parties and on all or part of the issues ... in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States...."

### A. *Newly Discovered Evidence*

■ A motion for new trial based upon newly discovered evidence can be made pursuant to Rule 59 of the Federal Rules of Civil Procedure provided it is filed within 10 days from the entry of judgment. Fed.R.Civ.P. 59 advisory committee note, 1946 Amendment ("[T]he amendment of Rule 59(b) eliminates the 'except' clause and its specific treatment of newly discovered evidence as a ground for a motion for new trial. This ground remains, however, as a basis for a motion for new trial served not later than 10 days after the entry of judgment.").

In order to grant a new trial based upon newly discovered evidence the moving party must:

> show that the evidence was discovered since the trial; must show facts from which the court may infer reasonable dili-

gence on the part of the movant; must show that the evidence is not merely cumulative or impeaching; must show that it is material; and must show that it is of such character that on a new trial such evidence will probably produce a different result.

6A James W. Moore et al., Moore's Federal Practice ¶ 59.08[3] at 59–108 (2d ed. 1995) (quoting *Marshall's U.S. Auto Supply v. Cashman,* 111 F.2d 140, 142 (10th Cir.), *cert. denied,* 311 U.S. 667, 61 S.Ct. 26, 85 L.Ed. 428 (1940)).

The plaintiffs concede in their motion that the evidence was not discovered after trial and indeed argue that the Court's exclusion of this evidence prior to trial was erroneous. Thus without analyzing any of the additional factors, the plaintiffs clearly fail to meet the first requirement of a motion for new trial based on newly discovered evidence since the evidence was discovered before trial. Accordingly, plaintiffs' motion for a new trial will be denied as to this ground.

**B. *Exclusion of Witness Prior to Trial***

On September 8, 1994, the Court held a status conference at which a trial date was set to begin on Monday, October 17, 1994. Stipulated jury instructions were filed. (D.I. 39.) On October 3, 1994, at the request of the parties, the trial date was rescheduled and a new firm trial date was set for Tuesday, November 8, 1994. (D.I. 41.) On Thursday, November 3, 1994, three business days before trial, the Court received a telephone call from plaintiffs' counsel requesting an immediate conference to determine whether the plaintiffs could call an additional witness not listed in the stipulated pre-trial order, which was filed pursuant to local rule 16.4(d). (D.I. 32.) The Court scheduled a conference for the next available day, Monday, November 7, 1994, to discuss the proposed witness. On that Monday the Court received a letter from plaintiffs' counsel dated November 4, 1994. This letter addressed the issues regarding the addition of this witness, Mr. Tony Marenco, proposed by the plaintiffs subsequent to the filing of the stipulated pre-trial order which listed the witnesses, in compliance with local rule 16.4(d)(8), each party intended to call. Mr. Marenco was at the relevant time an employee of Talley Brothers, one of the subcontractors of Walbridge. This same day, one day before the trial was scheduled to begin, the Court held a conference in chambers with opposing counsel to discuss whether Mr. Marenco would be permitted to testify. After hearing argument from both counsel on the question of whether to exclude Mr. Marenco, the Court ruled that the witness was to be excluded. The plaintiffs now argue in their motion for a new trial that the Court erred when it excluded this witness.

In the pretrial order filed on September 6, 1994, plaintiffs identified all their witnesses but did not include Mr. Marenco as a witness. (D.I. 32.) Plaintiffs' counsel argued in her letter dated November 4, 1994, at the November 7, 1994 conference, and again in the motion presently before the Court, that the witness was merely discovered fortuitously while the plaintiffs, shortly before trial, were viewing the site where Mr. Stewart was injured, and that absent such fortune the plaintiffs would have been unable to locate Mr. Marenco.

The Third Circuit has identified several factors that the District Court should consider when ruling on the exclusion of witnesses for failure to be identified in a pretrial order. In *Meyers v. Pennypack Woods Home Ownership Assn.,* 559 F.2d 894 (3d Cir.1977), *overruled on other grounds, Goodman v. Lukens Steel Co.,* 777 F.2d 113 (3d Cir.1985), *aff'd,* 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), the court listed several ingredients to be considered: ability of the party to have discovered the witnesses earlier, validity of the excuse offered by the party, willfulness of the party's failure to comply with the court's order, the party's intent to mislead or confuse his adversary, and the importance of the excluded testimony. *Id.* at 904. The court distilled from these ingredients the following four principal factors: (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and effi-

cient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order. *Id.* at 904–05. The Third Circuit has since followed *Meyers'* four factors. *See, e.g., Franklin Music Co. v. American Broadcasting Companies, Inc.,* 616 F.2d 528, 539–40 (1979); *Berroyer v. Hertz,* 672 F.2d 334, 338–39 (1982); *Beissel v. Pittsburgh and Lake Erie R. Co.,* 801 F.2d 143, 150–51 (1986), *cert. denied,* 479 U.S. 1088, 107 S.Ct. 1296, 94 L.Ed.2d 152 (1987); *Greate Bay Hotel & Casino v. Tose,* 34 F.3d 1227, 1236–37 (1994).

In 1990, well after the decision in *Meyers* was rendered, Congress passed the Civil Justice Reform Act, 28 U.S.C. §§ 471–482, (the "Act") in which Congress specifically found that:

(1) The problems of cost and delay in civil litigation in any United States district court must be addressed in the context of the full range of demands made on the district court's resources by both civil and criminal matters.

(2) The courts, the litigants, the litigants' attorneys, and the Congress and the executive branch, share responsibility for cost and delay in civil litigation and its impact on access to the courts, adjudication of cases on the merits, and the ability of the civil justice system to provide proper and timely judicial relief for aggrieved parties.

(3) The solutions to problems of cost and delay must include significant contributions by the courts, the litigants, the litigants' attorneys, and by the Congress and the executive branch.

28 U.S.C. § 471 note. Congress directed the United States district courts to implement certain reforms to reduce the cost and delay involved in litigation in the Federal court system. The Judicial Conference of the United States directed that the District of Delaware participate in a pilot program and implement a plan to bring the District into compliance with the reforms directed by Congress. The District of Delaware subsequently formulated a plan, the Civil Justice Expense and Delay Reduction Plan of the United States District Court for the District of Delaware, effective December 23, 1991,

(the "Plan") and implemented the directions of Congress by directing the drafting of several local rules. In section 473 of the Act, Congress directed that each United States district court, in formulating its plan, consider certain principles and guidelines. Among these principles and guidelines are the "early and ongoing control of the pretrial process through involvement of a judicial officer in ... setting early, *firm* trial dates such that the trial is scheduled to occur within eighteen months after the filing of the complaint unless a judicial officer certifies that ... the demand of the case and its complexity make such a trial date incompatible with serving the ends of justice ... [and] controlling the extent of discovery and the time for completion of discovery...." *See* 28 U.S.C. §§ 473(a)(2), (2)(B), (2)(c).

In complying with the directions from Congress, the Plan included provisions designed to implement the above principles and guidelines in ¶ 1(d) of the Plan. In order to implement ¶ 1(d) of the Plan, the District of Delaware drafted local rule 16.2. Section (c) of this rule directs that trial shall be scheduled within 12 months and, in any event, no later than 18 months after the filing of the complaint unless the Court certifies that due to "the complexity or demands of the case, the number or complexity of pending criminal cases, or otherwise, (i) such a trial date is incompatible with serving the ends of justice, or (ii) the trial cannot reasonably be held within that time." Local rule 16.2(c).

In determining whether to exclude this witness the Court found and finds the ingredients considered in *Meyers* useful. The Court shall now examine the *Meyers* ingredients as applied to the facts of this case.

### i. *Diligence of Counsel in Locating Witness*

■ First, the Court is heavily influenced by the conduct of plaintiffs' counsel in this case. Plaintiffs failed at the November 7th conference, and have still failed, to factually support their claim that they were previously unable to locate this witness. Plaintiffs' counsel's bald assertions in her November 4th letter that "had Defendant more fully and accurately answered discovery, this wit-

ness might have been located earlier[,]" is contradicted by her earlier statement in the same letter that defendant's disclosure "supplied contractor and some subcontractor logs which provided the names of the subcontractors." At no time has plaintiffs' counsel asserted that Talley Brothers was not identified as a subcontractor. In addition, plaintiffs' counsel's November 4th letter states that "since Mr. Marenco resides in Detroit, Michigan and is often on the road for projects for his employer, it is likely that he could not have been located but for the fortuitous circumstances set forth above." This statement clearly demonstrates that no prior attempt was made to discover Mr. Marenco. The Court is unconvinced that with diligent effort the plaintiffs could not have located this witness. The witness was at the time of the incident asserted in the complaint an employee of one of the subcontractors of Walbridge and at no time has any allegation been made that subcontractors names in general, and Talley Brothers' name in particular, were withheld. The Court has not been presented with any compelling reasons as to why Mr. Marenco was not sought out before the fortuitous meeting at the Chrysler plant. In short, the plaintiffs have simply not presented a case of excusable neglect. *Meyers* incorporates the ingredients which consider a party's ability to find the witness earlier, and the excuses for such failure. Moreover, the Third Circuit in *Franklin Music* specifically affirmed the district court's decision to exclude a witness not listed in the pre-trial order due to the failure of the party to establish excusable neglect, along with the other relevant factors. *Franklin Music*, 616 F.2d at 539. Under these circumstances, the Court cannot certify that permitting Mr. Marenco to testify would serve the ends of justice, thus permitting a new trial date to be set beyond the 18 month limit set by the local rules and mandated by the principles and guidelines set by Congress.

### ii. *The Remaining Factors*

█ In addition to the lack of excusable neglect, the Court also excluded Mr. Marenco's testimony in part due to concerns about prejudice to the defendant, the difficulty in curing the prejudice, and the necessity of disrupting the orderly and efficient trial of the case so as to afford the defendant an opportunity for discovery respecting the witness' testimony. Discovery cut-off was initially set via the Court's Rule 16 scheduling order for March 4, 1994, (D.I. 10), then extended to May 4, 1994, (D.I. 20), extended again to June 15, 1994, (D.I. 23), then extended yet again to September 30, 1994. (D.I. 33.) Under the circumstances presented here the Court was not inclined to re-open discovery one day before trial after a cut-off date agreed upon by counsel had past, several extensions to the discovery deadline had been permitted, and a jury panel had already been called, particularly when reopening discovery would have in all probability led to a violation of local rule 16.2(c) because the trial would not have been held within 18 months.

Moreover, Mr. Marenco's proposed testimony was not critical as contended by plaintiffs. In considering its decision the Court is mindful that "the importance of the excluded testimony is one of the factors to be considered in deciding whether the trial court abused its discretion in excluding a witness." *Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 302 (3d Cir.1991) (quoting *Meyers* ). First, it should be noted that at the time the Court made its decision to exclude the witness, plaintiffs' counsel had not supplied the Court with an affidavit of the proposed witness' testimony. Indeed, plaintiffs' counsel only submitted an affidavit from Mr. Marenco for the first time with her motion for a new trial. Furthermore, Mr. Marenco's proposed testimony, as related by counsel, contradicted that of Mr. Gibbs' deposition testimony, the project manager for Walbridge. Mr. Gibbs was unavailable to appear at trial due to then recent surgery on his pancreatic cancer and his ongoing chemotherapy treatment. Under all these circumstances the Court determined that Mr. Marenco's testimony should be excluded. The Court could not certify that the ends of justice would be served by permitting Mr. Marenco to testify which would have extended the trial date past the 18 months permitted by Congress and this district's local rules.

Now with the submission of her motion for a new trial the plaintiffs' counsel has submitted an affidavit of Mr. Marenco's proposed testimony. However, the affidavit, even at

**34**

this late date, still fails to specify facts essential to the plaintiffs' case. Nowhere does Mr. Marenco mention anything related to the shelf-like object that struck Mr. Stewart and caused his injury. Furthermore, Mr. Marenco's allegations do not mention the date, even approximately, that the alleged instructions received by Mr. Gibbs were issued.

In light of plaintiffs' inexcusable neglect in failing to even attempt to locate this witness, the late date of the plaintiffs' application for including this witness, the nature of Mr. Marenco's testimony as related by counsel, and the difficulty that further discovery on this issue would have presented due to Mr. Gibbs' medical condition, as well as the extension of this case beyond the 18 month deadline set in local rule 16.2(c), the Court excluded Mr. Marenco from testifying. After re-examining the factual and legal basis for that decision, including the failure of Mr. Marenco's freshly supplied affidavit to allege critical facts, the Court is convinced that its former decision was correct. Accordingly, the plaintiffs' motion for a new trial shall be denied on this ground as well.

### III. *Conclusion*

The Court having considered plaintiffs' motion for a new trial on two alternative grounds: (a) newly discovered evidence, and (b) erroneous exclusion of evidence, will deny the motion in its entirety. An order will issue forthwith accordingly.