**SOUTHERN PAC. CO. v. UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA et al.**

No. 12952.

United States Court of Appeals
Ninth Circuit.

June 22, 1951.

Ricksen, Freeman & Johnson and Stanley Johnson, all of Oakland, Cal., for petitioner.

Ryan & Ryan, San Francisco, Cal., for respondents.

Before BONE, ORR and POPE, Circuit Judges.

POPE, Circuit Judge.

Upon the Petition of Southern Pacific Company for a Writ of Prohibition against the United States District Court for the Northern District of California and the Honorable George B. Harris, a Judge thereof, an Order to Show Cause was issued. The matter has been heard upon the Response of the Respondents.

The facts disclosed, both by the Petition and by the Response, are that upon the trial of an action brought in the respondent court by one Travis C. Stroud to recover damages alleged to have been sustained by him as an employee of the Southern Pacific Company and in consequence of the negligent breach, by the Company, of its duties under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., the jury returned a verdict for the defendant company, petitioner here. Judgment was entered on the verdict.

Thereupon Stroud filed a motion for a new trial. Included in the several grounds stated in the motion were: "That the verdict was against the weight of the evidence"; that "the verdict was contrary to the evidence"; and "Newly discovered evidence of facts existing at the time of trial, of which plaintiff was excusably ignorant". Five affidavits were filed with the motion, and in support thereof.

Three days later a sixth affidavit, that of one Roy C. Freeman, was filed by Stroud. Defendant Southern Pacific Company filed opposition affidavits, including one by the same Roy C. Freeman, which in part contradicted his first affidavit. Later, a third affidavit of Freeman was filed. The motion was submitted to the respondent judge on briefs of the parties on January 17, 1951.

On February 2, following, the court, of its own motion, ordered the submission set aside, and ordered the production of Roy C. Freeman "on a supplemental hearing on said motion for new trial to be held before the above entitled court on the 9th day of February, 1951". On the day stated, Freeman testified concerning the manner in which he made the several affidavits, and the motion was reargued. On February 21, 1951, the court made the following order: "Order Granting Motion for New Trial. Plaintiff's motion for new trial herein having been briefed, argued and submitted for ruling, and thereupon the Court on its own motion having reopened the submission for the purpose of taking testimony of Roy C. Freeman whose affidavits were theretofore filed in association with the motion for new trial, and the Court now being fully advised, it is ordered that the motion for new trial be, and the same hereby is, granted. The verdict of the jury herein in favor of the defendant and against the plaintiff is against the clear weight of the evidence and has, in the opinion of this Court, resulted in a grave miscarriage of justice."

Petitioner contends that the respondent court was without jurisdiction to make such order and seeks here a Writ of Prohibition preventing respondents from proceeding with a new trial. Its argument is that since none of the Freeman affidavits were served or filed with the plaintiff's motion for a new trial, as required by Rule 59(c), Federal Rules of Civil Procedure, 28 U.S.C.A., these affidavits of Freeman, and Freeman's testimony, could not aid or implement the written motion.[1] Therefore,

---

1. Petitioner quotes the following from Marshall's U. S. Auto Supply, Inc. v. Cashman, 10 Cir., 111 F.2d 140, 142: "And the affidavit did not aid or implement the motion for the reason that no extension of time was obtained within which to file such motion; the affidavit was verified long after the expiration of

petitioner says, the court's order was not made upon Stroud's motion for a new trial, but upon the court's own motion. And since under Rule 59(d) an order for a new trial by the court "of its own initiative" may only be made "not later than 10 days after entry of judgment", this order, made February 21, 1951, after judgment entered December 13, 1950, petitioner says, was in excess of the court's jurisdiction. Petitioner principally relies upon Freid v. McGrath, 76 U.S.App.D.C. 388, 133 F.2d 350, where a motion for new trial was made upon certain grounds, and the court granted a new trial upon an entirely different ground.

■ We think that the facts here cannot be said to disclose that the court acted upon its own motion, rather than upon the motion which Stroud, the plaintiff, filed promptly, and within time. Indeed, the order granting a new trial, refers specifically to "plaintiff's motion for new trial." The presumption that official action was regularly performed would seem to require us to resolve any possible ambiguity in the order in favor of a holding that the court acted upon Stroud's motion, with respect to which it still had jurisdiction to act.

Some of the matters disclosed would tend to indicate that the court's action was based upon the Freeman affidavits and testimony. Thus, during argument on the motion, and after counsel for the company had moved to strike the affidavits as not disclosing any new evidence, and as merely cumulative in character, the court remarked: "Though they may be regarded by you as accumulative, I think they have some evidentiary value on the motion. * * * There is an aspect in addition to the—he says that the affidavit is accumulative. It might be regarded also as having some possible evidentiary value under the

question of notice to the company. If, as it appears, a number of men, let us say ten in number, found the switch stiff, Freeman found it stiff and others did, it would tend to corroborate and certify to the defendants that a complaint or several complaints were registered with the officials of the company. * * * We have Freeman's testimony in open court and I am inclined to accept his statement that he had this young giant jump on the ball and it was only under extreme pressure that this switch was moved, or capable of manual operation. Now, if I am any judge of witnesses, and I think we all probably have had some experience with witnesses, Freeman was telling the truth when he said that in open court. No question in my mind about it at all. * * * Let us take the testimony of Freeman in court. What does he testify to in court? He testifies in court the switch was so stiff and so hard that a 230 pound man had to jump on the ball. Is he lying on that score? * * * I am satisfied Mr. Freeman told the truth in this courtroom."

The new trial order would appear, on its face, to have been granted upon the ground that the verdict was against the weight of the evidence, or that it was contrary to the evidence, and not upon the ground of newly discovered evidence. The response filed here so states. And it is not questioned that in consideration of either of the grounds upon which it may have been granted, it would be inappropriate for the court to consider whether Freeman was telling the truth when he was called, or in his affidavits.[2]

We find it unnecessary to determine whether upon the papers now before us, the record shows that in holding that the verdict "is against the clear weight of the evidence", the court was considering not

ten days following the entry of the judgment; and it therefore could not have been served with the motion within the ten-day period as required by Rule of Civil Procedure 59, 28 U.S.C.A."

2. Counsel for Stroud, appearing here for respondent, concedes that the affidavits were filed in support of the claim of new-

ly discovered evidence, and that they had no bearing on any of the other grounds of motion mentioned. So considered, the question for the court, upon the motion for new trial, would not be whether the court believed the affidavits, but whether they disclosed newly discovered facts which ought to be considered by the jury.

merely the evidence which the jury heard, but the affidavits and the Freeman testimony also. If it were demonstrable that the court did so, the most that could be said of it would be that there was error. It would not show want of jurisdiction.

We may not issue a writ of prohibition unless it clearly appears that the inferior court is about to exceed its jurisdiction. Hammond Lumber Co. v. United States District Court, 9 Cir., 240 F. 924.

We think that it has not been established here that the court acted upon its own motion rather than upon the motion of the plaintiff Stroud, and since the action of the respondent court was clearly within its jurisdiction, the petition here must be, and is denied.