Elsinore C. Machris GILLILAND, also known as Elsinore Machris Gilliland, Appellant,

v.

Faye LYONS, Appellee.

No. 16385.

United States Court of Appeals Ninth Circuit.

April 11, 1960.

Wm. L. Murphey, John B. Anson, Charles Wolfe, Los Angeles, Cal., for appellant.

Welburn Mayock, Morris Lavine, Los Angeles, Cal., for appellee.

Before STEPHENS, BARNES and KOELSCH, Circuit Judges.

KOELSCH, Circuit Judge.

Appellee filed an amended complaint on November 20, 1956, in the United States District Court stating three separate causes of action. The ground as to each cause of action was, in substance, as follows: number one, that appellant had published false, malicious and slanderous statements concerning appellee's adulterous relationship with appellant's husband; number 2, that appellant had falsely and maliciously published a verified cross-complaint on November 26, 1955, in a divorce proceeding against her husband charging appellee with adultery; and number 3, that appellant had caused a newspaper article to be published on March 23, 1956, reciting the allegations in the above complaint. Appellant's answer, in addition to denying the above allegations, set up an affirmative defense of truth as to the first and third causes of action, and an affirmative defense of privilege as to the second cause of action.

The District Court, sitting without a jury, entered Findings of Fact and Conclusions of Law favorable to appellant on all three causes of action. The court ruled, however, that since appellant did not raise the "specific defense" of truth in the second cause of action, no finding would be made in regard thereto. Judgment for appellant was entered on June 17, 1958. Appellee filed a timely motion for a new trial on June 24, 1958. The grounds for this motion were as follows:

"I

"Irregularity in the Pre-Trial Proceedings by the elimination of 'truth' as to the slanders and libels from the case when 'falsity' had been pleaded by the plaintiff and denied by the defendant;

"II

"Accident at the trial in the failure by inadvertence and excusable neglect on the part of the plaintiff's attorney to introduce defendant's deposition in evidence;

"III

"Insufficiency of the evidence to justify the decision. The following specifications are urged:

\* \* \* \* \* \*

"D. Finding VII [regarding the second cause of action] is opposed to the weight of substantial and probative evidence in that there is no evidence \* \* \* to support the finding that she acted in 'good faith' and 'without malice' and reasonably believed the allegations were true. \* \* \*"

Thereafter, on September 30, 1958, the Court granted the motion in part by the following order:

"It Is Ordered that plaintiff's motion for a new trial is hereby granted as to plaintiff's second claim or cause of action only, and that in all other respects the motion for a new trial is hereby denied. See: Cal.Civ.Code Sec. 47–2(3); Davis v. Hearst, 1911, 160 Cal. 143, 195, 116 P. 530, 552; Tingley v. Times Mirror Co., 1907, 151 Cal. 1, 26, 89 P. 1097, 1107."

The present appeal is taken from the above order. Jurisdiction of the District Court was based on diversity of citizenship under 28 U.S.C. § 1332. Whether this court has jurisdiction is the determinative and controlling question in this appeal.

Appellee contends that an order granting a motion for a new trial is not appealable under 28 U.S.C. § 1291, and that therefore this court is without jurisdiction to decide the matter. Appellant argues that the lower court had no jurisdiction to issue the order because it was made on the court's own initiative and not within the requisite ten-day period prescribed by Rule 59(d), Federal Rules

of Civil Procedure, 28 U.S.C.[1] Appellant then urges that such orders, because lacking in necessary jurisdictional power, are appealable.

 As a general rule, an order granting a motion for a new trial is not appealable because it is not a "final" order under 28 U.S.C. § 1291. Phillips v. Negley, 1886, 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013; Long v. Davis, 9 Cir., 1948, 169 F.2d 982. The order is interlocutory since it destroys the finality of the judgment and there is no "final decision" from which an appeal will lie. Libby, McNeill & Libby v. Malmskold, 9 Cir., 1940, 115 F.2d 786. The order granting a new trial can be "reviewed" on an appeal from a subsequent judgment. Pettingill v. Fuller, 2 Cir., 1939, 107 F.2d 933; United States v. Hayes, 9 Cir., 1944, 172 F.2d 677.

 However, this rule is not unqualified: the trial court must have had jurisdiction to make the order; if not, it was acting without power and was therefore incapable of destroying the finality of its own judgment. Freid v. McGrath, 1942, 76 U.S.App.D.C. 388, 133 F.2d 350; Kanatser v. Chrysler Corp., 10 Cir., 1952, 199 F.2d 610. An order made without jurisdiction is considered final and appealable:

"An order granting or refusing a new trial, which the court has the jurisdiction or power to make, is discretionary, and cannot be reviewed. * * * But the question whether or not the court had the jurisdiction or power to make an order granting or refusing a new trial and avoiding a former judgment is always reviewable in the federal courts * * because it goes to the effect and finality of the judgment itself. City of Manning v. German Insurance Co., 8 Cir., 1901, 107 F. 52, 54."

 It is clear, therefore, that when a motion for a new trial is made within the ten-day period required under Rule 59(b),[2] and the motion is granted, it is not appealable even though the order granting it is issued subsequent to that period. Citizens National Bank of Lubbock v. Speer, 5 Cir., 1955, 220 F.2d 889. Conversely, when an order granting a new trial is issued by the court on its own initiative after the ten-day period has run under Rule 59(d), the order is appealable. Freid v. McGrath, supra; Phillips v. Negley, supra. The problem arises, however, where a timely motion is filed, and the court grants the motion after the ten-day period on a ground not stated therein. In those appellate courts where the question has arisen, the order has been construed to arise from the court's own initiative, without jurisdiction, and therefore appealable. Freid v. McGrath, supra; Marshall's U. S. Auto Supply v. Cashman, 10 Cir., 1940, 111 F.2d 140; National Farmers Union Auto & Cas. Co. v. Wood, 10 Cir., 1953, 207 F.2d 659.[3]

 Our primary inquiry, then, is whether the lower court's order was made on grounds stated in the motion or on its own initiative. The order, quoted above, does not specify any reasons for granting a new trial other than

1. Rule 59(d), Federal Rules of Civil Procedure, provides as follows:

"(d) On Initiative of Court. Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor."

2. Rule 59(b), Federal Rules of Civil Procedure, provides as follows:

"(b) Time for Motion. A motion for a new trial shall be served not later than 10 days after the entry of the judgment."

3. This court has not as yet passed on the question. See Southern Pac. Co. v. United States District Court, 9 Cir., 1951, 190 F.2d 735; Grimm v. California Spray-Chemical Corp., 9 Cir., 1959, 264 F.2d 145. However, Prof. Moore, in his work on Federal Practice, disagrees with the rationale in Freid v. McGrath, supra, on the ground that " * * * once finality has been suspended, there is nothing in the policy underlying Rule 59(d) to prevent the trial court from exercising its discretion to grant the motion on grounds which it deems just." Moore, Federal Practice, Vol. 6, § 59.09[2].

"* * * plaintiff's motion for a new trial is hereby granted * * *." As a general rule, no reasons are required; the grounds for the motion are obtained from those stated in the motion itself.[4] The above language alone would be sufficient to establish the lower court's jurisdiction as based upon appellee's motion rather than the court's own initiative. In Southern Pac. Co. v. United States District Court, 9 Cir., 1951, 190 F.2d 735, 737, this court stated as follows:

> "Indeed, the order granting a new trial, refers specifically to 'plaintiff's motion for a new trial.' The presumption that official action was regularly performed would seem to require us to resolve any possible ambiguity in the order in favor of a holding that the court acted upon [the] motion, with respect to which it still had jurisdiction to act."

However, appellant contends that the cases and statute cited after the written words in the order are concerned solely with the inadmissibility of truth in a trial under California law, where truth was not pleaded as a defense. It is then argued that since the admissibility of truth was not questioned or raised in the motion for a new trial, the court was acting on its own initiative and was therefore without jurisdiction.[5]

The statute cited in the order, California Civil Code Section 47, Subdiv. 2(3), delineates the necessary elements of privilege as a defense where defamatory allegations are made in a judicial proceeding.[6] No reason is urged by appellant as to why the court cited the statute, nor do we assign one except in so far as the court thought that the statutory elements of privilege in a verified cross-complaint had not been properly established, and a new trial must be had in regard to that second cause of action.

In the first case cited in the order, Tingley v. Times Mirror Co., 1907, 151 Cal. 1, 26, 89 P. 1097, 1107, the California Supreme Court discusses, at the page cited, the common law pleas of justification and mitigation. It held that since the defendant had not pleaded truth, nor alleged facts which would establish truth, there was no justification for the particular libel. Further, the court held that the defendant's plea in mitigation was insufficient, because in order to establish such plea it was necessary to allege knowledge of the facts set up in mitigation prior to publication of the libel, as well as believing them true after due investigation. No such allegations were present. The court concluded that in absence of pleas of justification or in mitigation, evidence of facts bearing on knowledge or truth of the libel was inadmissible and properly excluded.

In the second case, Davis v. Hearst, 1911, 160 Cal. 143, 195, 116 P. 530, 552, the court discusses the common law plea of justification in regard to libel. It held that where justification was pleaded, the defendant could also plead his good faith

---

4. Rule 7(b), Federal Rules of Civil Procedure, requires that motions made after the trial must be in writing and state with particularity the grounds therefor. When the motion is granted under Rule 59(b), supra, note 2, no grounds are required by the rule. However, if a new trial is ordered under Rule 59(d), supra, note 1, the court must specify its reasons because it is on the court's own initiative.

5. Appellee did urge in her motion that the question of falsity should have been included by the pleadings as an issue in the second cause of action, requiring a finding as to truth by the court, but no question was raised by appellee as to the admissibility of evidence relating to truth.

6. California Civil Code, Sec. 47, Subd. 2 (3) provides, in part, as follows:
 "A privileged publication or broadcast is one made— * * *
 "2. In any * * * (2) judicial proceeding, or (3) in any other official proceeding authorized by law; provided, that an allegation or averment contained in any pleading or affidavit filed in an action for divorce * * * shall not be a privileged publication * * * unless such pleading be verified * * * and be made without malice, by one having reasonable and probable cause for believing the truth of such allegation * * * and unless such allegation * * * be material and relevant to the issues of such action."

belief of all facts within his knowledge at the time of the publication, even if they tended to establish truth. The court also stated that circumstances in mitigation, though not pleaded by the defendant, could nevertheless be proven if they did not go to the truth of the libel. It construed Tingley v. Times Mirror Co., supra, as showing a situation where the plea in mitigation must be pleaded because going to the truth of the libel. Finally, the court held as follows in regard to the particular evidence presented:

> "This evidence was offered in mitigation as tending to prove the truth of the charge * * *. Therefore it could and should have been pleaded in mitigation with an allegation of the knowledge of the defendants of the fact *at the time of publication.* For there is this broad distinction between a plea in justification and evidence of the truth given in mitigation: The truth, whenever discovered, is a complete defense to the defendant. *But to repel the conception of malice in the publication only so much of the truth as the defendant knew at the time of the publication can avail him.*" Davis v. Hearst, supra, 160 Cal. at page 195, 116 P. at page 552. (Emphasis supplied.)

The significance and meaning of the above cited cases is not clear. It is difficult to say unequivocally that the cases refer only to the first portion of the order, namely, granting the new trial. For the second part of the order states " * * that in all other respects the motion for a new trial is hereby denied." It is not unlikely that the cases were intended to refer to the denial of the motion in respect to the first and third causes of action, where truth was pleaded as an affirmative defense. If this is so, regardless of the validity of the reasons for which the cases appear, the citations have no significance here; the first and third causes of action are not at issue. Since the cases, at the pages cited by the court, deal with the general problem of pleading

and proving mitigation and justification in defamation, it is not improbable that they were intended as an explanation or authority for the two denials.

More probably, however, assuming that the cases refer to the second cause of action, they could easily refer to the proposition stated therein that in order to establish "mitigation" or good faith and lack of malice, it must be shown that the defendant knew mitigating facts "at the time of the publication." Since truth was not pleaded, only those facts known when the complaint was published would satisfy California Civil Code Section 47 requiring specifically that the allegations be made by the defendant in good faith and without malice.

As stated previously, appellant pleaded truth as an affirmative defense to the first and third causes of action. Evidence of truth was therefore admitted at the trial. However, since appellant simply pleaded privilege, and not truth, as a defense to the second cause of action, only such evidence as tended to show good faith and lack of malice at the time of publication could be considered by the trial court in determining whether that defense had been established. It is reasonable to assume that the lower court weighed and considered the evidence of truth presented at the trial in connection with the second cause of action, but did not limit its consideration to appellant's knowledge at the time of publication. The ultimate basis for the order granting the new trial, then, would be the lack of sufficient evidence to establish good faith and lack of malice as required by statute. Insufficiency of evidence, of course, was the very ground urged by appellee in her motion, quoted above. The order, following the grounds stated in the motion, could not stem from the court's own initiative and would be timely.

At most the cited material in the order is ambiguous. It cannot be said to supply "the" reason for the court's order. If a reason must be assigned, we think the one explained above following the grounds stated in the motion is more reasonable. Indeed, it is doubtful whether

such citations amount to "reasons" at all within the meaning of Rule 59(d). In any case, the order was not made on the court's own initiative, but grounded on appellee's motion for a new trial. We hold that the lower court had jurisdiction to issue its order because it was based on a timely motion. Consequently, the order is not appealable. In view of this conclusion it is unnecessary to decide whether the court had the power to grant the motion on a ground not stated therein.

The appeal is dismissed.