**DEARBORN STOVE COMPANY,**
Petitioner,

v.

**FARMERS UNION COOPERATIVE GAS
& OIL COMPANY, Respondent.**

**Misc. No. 162.**

United States Court of Appeals
Eighth Circuit.

June 21, 1962.

Crosby & Nielsen, North Platte, Neb., for Dearborn Stove Co., petitioner.

No response for Farmers Union Cooperative Gas & Oil Co., respondent.

Before JOHNSEN, Chief Judge, and VAN OOSTERHOUT and MATTHES, Circuit Judges.

PER CURIAM.

Petitioner requests us to permit an appeal under 28 U.S.C.A. § 1292(b) from an order denying petitioner's Motion for Judgment in Accordance with Motion for Directed Verdict, which was made after the jury had disagreed and had been discharged.

The trial judge had stated in his order denying the motion for judgment that whether he had been wrong in submitting the case to the jury was in his opinion a controlling question of law as to which there was substantial ground for difference of opinion, and one as to which the ultimate termination of the litigation might be materially advanced by an immediate appeal.

The sufficiency of the evidence to go to the jury in an ordinary suit for damages or indemnity is not, however, the kind of question which should be permitted to be made the subject of an appeal under § 1292(b) merely because the jury has disagreed and it is necessary to have a new trial. This is a routine situation in the functioning of any trial court as to which the processes of a general appeal are fully adequate after there has been a final judgment. Were we to permit such an appeal, we could with as much right be asked to grant a review under § 1292(b) on the propriety of a situation in which the court had granted a new trial.

These are not in our opinion the kind of purposes which § 1292(b) was designed to serve.

Petitioner also seeks to have us grant an appeal on the question of the jurisdiction of the trial court over it on the service of process made. But that question is not one on which the trial judge has allowed petitoner the privilege of seeking an appeal under § 1292(b). To the contrary, his order states that "as to the question of jurisdiction over * *

defendant, the Court believes that the issue can be resolved upon another trial."

Beyond what we initially said, the failure of the trial court to have settled with finality the question of jurisdiction would constitute an additional reason why no interlocutory appeal should be granted in the situation on the question which the trial court left open to petitioner to make application here.

The application for permission to take an appeal under § 1292(b) is denied.