Gennaro **BASCIANO**, Plaintiff-Appellee,

v.

J. A. **REINECKE**, Bremen, Germany and Partenreederei M/S Falkental, Defendants-Appellants.

No. 180, Docket 27742.

United States Court of Appeals Second Circuit.

Argued Dec. 12, 1962.

Decided Feb. 11, 1963.

Francis X. Byrn, of Haight, Gardner, Poor & Havens, New York City (Joseph V. Fleming, New York City, of counsel), for appellant.

Bernard Meyerson, Brooklyn, N. Y. (Santo R. Sgarlato, Jr., Brooklyn, N. Y., on the brief), for appellee.

Before WATERMAN, SMITH and HAYS, Circuit Judges.

HAYS, Circuit Judge.

This action for personal injuries was first tried before Judge Abruzzo. This trial ended with the jury unable to agree upon a verdict. Upon retrial verdict and judgment were entered for the plaintiff.

This appeal raises no question as to the second trial but seeks to test the correctness of Judge Abruzzo's ruling at the end of the first trial denying defendant's motion for judgment under Rule 50(b) of the Federal Rules of Civil Procedure. We hold that that ruling is not reviewable on appeal from the judgment in the second trial.

Rule 50(b) provides that when a party has made a motion for a directed verdict:

"\* \* \* if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. \* \* \* If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial."

Appellants made a motion for a directed verdict and, after the jury reported itself unable to reach a verdict, a motion for judgment. The error complained of is the denial of the latter motion.

We have been unable to find any relevant authority on the reviewability of

such a ruling on appeal from the judgment in a second trial. The authorities cited by appellants relate only to the accepted generality that interlocutory rulings in the course of litigation are not immediately reviewable and that such rulings are frequently reviewable on appeal from the final judgment.

There are a number of cases which hold that an order granting a new trial may be reviewed on appeal from the final judgment for absence of power or "abuse of discretion."[1] None of these cases involves the granting of a new trial when a verdict should have been directed[2] or, as is urged here, where a motion for judgment should have been granted after failure of the jury to return a verdict. On the contrary all such cases which we have examined are concerned with the power of the trial judge to grant a motion for a new trial *sua sponte* after the ten day limit of Rule 50 has expired,[3] or with some alleged irregularity in the first trial,[4] or with the adequacy or inadequacy of the verdict in the first trial.[5] These cases are wholly distinguishable from the present case because they turn upon the contention that a judge has improperly set aside a verdict in what was a full and fair trial, and unfairly given the losing party a second opportunity to prevail.

On the present appeal, appellants would have us hold that the plaintiff's alleged failure to put in a technically sufficient case in the first trial must bar his recovery, even though we now know, as a result of the second trial, that his cause of action is a valid one. We are re-luctant to reach such a result unless it is clearly required.

There is, of course, a strong policy against allowing plaintiff more than one day in court in which to harass the defendant and crowd the calendar. But in the situation here presented the second trial has already taken place when the matter comes before the appellate court. To rule at this point that the directed verdict motion at the close of the first trial should have been granted obviously cannot mitigate retroactively the inconvenience to the defendant and the congestion of the courts caused by the second trial. The only result of such a ruling then would be to bar a recovery to which we now know plaintiff was entitled, and to hold inviolate the principle of giving plaintiff only one day in court when the reasons for that principle are no longer in effect.

We believe that the situation presented in the instant case is analogous to that which occurs when a defendant moves for a directed verdict at the close of the plaintiff's case. If his motion is denied and he proceeds to put in his case he is held to have waived his right to a directed verdict and the court's ruling on the motion is not reviewable on appeal from a subsequent judgment for the plaintiff. Bogk v. Gassert, 149 U.S. 17, 23, 13 S.Ct. 738, 37 L.Ed. 631 (1892); American Nat. Bank & Trust Co. v. Dean, 249 F.2d 82 (6th Cir., 1957); O'Malley v. Cover, 221 F.2d 156, 158 (8th Cir., 1955); Home Ins. Co. of New York v. Davila, 212 F.2d 731, 733 (1st Cir., 1954); Minnehaha County, S. D. v. Kelley, 150 F.2d 356, 359 (8th Cir., 1945).

---

1. That such an order is normally not immediately appealable is clear. Howell v. Terminal R. R. Ass'n, 155 F.2d 807 (8th Cir., 1946); Youdan v. Majestic Hotel Management Corp., 125 F.2d 15 (7th Cir., 1942).

2. But cf. Ford Motor Co. v. Busam Motor Sales, 185 F.2d 531, 534 (6th Cir., 1950) (dictum).

3. See, e. g., Gilliland v. Lyons, 278 F.2d 56 (9th Cir., 1960); National Farmer's Union Auto. & Cas. Co. v. Wood, 207 F.2d 659 (10th Cir., 1953).

4. See, e. g., Standard Oil Co. v. Brown, 238 F.2d 54 (5th Cir., 1956); Marshall's U. S. Auto Supply, Inc. v. Cashman, 111 F. 2d 140 (10th Cir., 1940); Pettingill v. Fuller, 107 F.2d 933 (2d Cir., 1939); cf. Finn v. American Fire & Cas. Co., 207 F.2d 113 (5th Cir., 1953), cert. denied, 347 U.S. 912, 74 S.Ct. 476, 98 L.Ed. 1069 (1954).

5. See, e. g., Kanatser v. Chrysler Corp., 195 F.2d 104, 105–106 (10th Cir., 1952) (dictum); cf. United States v. Hayes, 172 F.2d 677 (9th Cir., 1949).

**544**

Thus if a defect in the plaintiff's case is cured by the evidence introduced by the defendant, defendant is not permitted to disregard that evidence and rely upon the inadequacy of the plaintiff's case at the time of his motion for the directed verdict.

In the present case the defendants, by proceeding in the second trial, permitted the plaintiff to prove an adequate case and thereby waived objection to the plaintiff's case as presented at the first trial.

We therefore dismiss the appeal as presenting an issue which is not now subject to our review.

Although under our theory we are not required to examine the merits of the appeal we may note that we find that, in any event, the appeal is wholly without merit.

Appeal dismissed.