KERMIT B. NICHOLS, D/B/A MARSH KITCHENS OF CHARLOTTE v. C. J. MOSS REAL ESTATE, INC. AND CONCORD-KANNAPOLIS SAVINGS AND LOAN ASSOCIATION

No. 7026DC602

(Filed 16 December 1970)

1. **Sales § 10— seller's action to recover purchase price — sale of kitchen cabinets — variance between pleading and proof**

     In a cabinetmaker's action to recover the balance of the purchase price for kitchen cabinets sold and delivered, a judgment for directed verdict in favor of the defendant, a real estate firm, is proper, where the cabinetmaker alleged an express contract with the real estate firm under which the cabinetmaker was to sell and deliver the cabinets to the firm, but all of the cabinetmaker's evidence established that it had refused to sell to the real estate firm and instead had sold the cabinets to a third party that had agreed to assume responsibility for payment.

2. **Sales § 10; Quasi Contracts § 2— seller's action to recover purchase price — recovery on implied contract**

   In a cabinetmaker's action to recover the balance of the purchase price for kitchen cabinets sold and delivered, the cabinetmaker was not entitled to recover on a theory of implied contract against a real estate firm that had accepted the cabinets and installed them in its apartment building, where the cabinetmaker's own evidence established an express contract with a third party that had agreed to pay for the cabinets delivered to the real estate firm.

3. **Rules of Civil Procedure § 50— motion for directed verdict — review and disposition on appeal**

   Upon deciding that the trial court should have granted appellant's motion for a directed verdict made at the close of all the evidence, the Court of Appeals may appropriately direct entry of judgment in accordance with the appellant's motion, but only when the appellant also in apt time moved for judgment notwithstanding the verdict. G.S. 1A-1, Rule 50(b)(1) and Rule 50(b)(2).

APPEAL by defendant, C. J. Moss Real Estate, Inc., from *Abernathy, District Judge,* 6 April 1970 Session of MECKLENBURG District Court.

Civil action to recover $658.40 balance of purchase price for goods sold and delivered. In substance, plaintiff alleged: Under an express contract with defendant, C. J. Moss Real Estate, Inc. (Moss), plaintiff sold and delivered to Moss six sets of kitchen cabinets for the price of $1,869.09; the cabinets were installed in Moss' apartment project in Kannapolis, N. C.; Moss paid plaintiff $1,210.69 on account of such sale, leaving a balance due of $658.40; after demand, Moss has refused to pay the balance due. (Plaintiff's complaint also asserted a claim against Concord-Kannapolis Savings and Loan Association for alleged loss of lien rights; however, as a result of the jury's verdict, judgment was entered dismissing the action against that defendant and that claim is not involved on this appeal.)

Moss answered and denied it had ever contracted with plaintiff or had ever made any payment to plaintiff for the kitchen cabinets.

At the close of the evidence upon trial before a jury, Moss moved for a directed verdict on the grounds that plaintiff had alleged an express contract but no evidence was offered concerning the express contract between plaintiff and Moss. The motion was denied. The jury returned verdict, answering issues finding that plaintiff and Moss had entered into a contract as alleged in the complaint and that plaintiff was entitled to re-

cover of Moss the sum of $658.40. Judgment was entered on the verdict, and Moss moved to have the verdict and judgment entered thereon set aside and to have judgment entered in accordance with its previous motion for a directed verdict. This motion was overruled. Moss then moved for a new trial as a matter of law for errors assigned and to be assigned, and this motion was also overruled. Moss appealed.

*Bradley, DeLaney & Millette by S. M. Millette for plaintiff appellee.*

*Hartsell, Hartsell & Mills by William L. Mills, Jr., and W. Erwin Spainhour, for defendant appellant, C. J. Moss Real Estate, Inc.*

PARKER, Judge.

[1] Plaintiff alleged an express contract with Moss under which he sold and delivered the cabinets to Moss. All of the evidence, however, shows that plaintiff had refused to sell to Moss and instead had sold the cabinets to H. and H. Supply Company, a sole proprietorship owned by one Gene Holbrooks. Plaintiff testified: "I told him (C. J. Moss, president of defendant) I didn't know him and I didn't have any way of selling him on approved credit. Mr. Holbrooks had agreed that it could be billed through him and he would be responsible to me for collection. I told Mr. Moss it would be billed through H. and H. Supply Company in Kannapolis." All of the evidence is to the effect that when the cabinets were manufactured and shipped, all shipping documents and invoices issued by plaintiff or at his direction showed a sale to H. and H. Supply Company, not to Moss. Holbrooks, presented as plaintiff's witness, testified as follows: "These invoices were charged to my company, and I agreed for them to be charged to my company. I promised to pay for these cabinets and these cabinets here were billed to me by Marsh Furniture Company in the same way and manner that cabinets were billed to me on numerous occasions in the past. They were billed exactly as the others." All of the evidence is to the effect that plaintiff never rendered any bill for the cabinets to Moss, but billed only H. and H. Supply Company, and that Moss never made any payment to plaintiff, but did make a payment of $1,210.69 for the cabinets to a company owned by Holbrooks.

Plaintiff alleged an express contract with Moss. All of the evidence, however, established that the only express contract

which he made with reference to sale of the cabinets was with Holbrooks, not with Moss, and that this contract expressly provided for a sale of the cabinets to Holbrooks, not to Moss. Under the express contract established by all of the evidence in this case, plaintiff has shown no valid claim for relief against Moss. What claims, if any, plaintiff may have against Holbrooks, who is not a party to this litigation, are not presently before us.

[2]  Nor does the evidence here give rise to any implied contract between plaintiff and Moss. It is true that a contract for sale of personal property, as other contracts not required to be in writing, need not necessarily be express but may be implied from facts and circumstances which create an obligation on the part of one to pay for goods received from another. It is also true that "ordinarily, when one person receives goods or merchandise from another, the law implies a contract on his part to pay therefor, which will support an action of assumpsit for goods sold and delivered. One cannot ordinarily accept goods from another and use them and then refuse to pay for them on the ground that he never ordered them. A promise, however, to pay for goods delivered will not be implied in direct contradiction of the agreement or intention of the parties. . . ." 46 Am. Jur., Sales, § 37, pp. 229, 230. Thus, if in the present case plaintiff's evidence had shown merely a delivery of the cabinets by plaintiff to Moss, and acceptance and installation by Moss of the cabinets into its apartment building, nothing else appearing such evidence would give rise to an implied promise on the part of Moss to pay plaintiff for the cabinets. But here plaintiff's own evidence and all of the evidence goes further and establishes an express contract under which plaintiff sold to a third party, who agreed both to pay plaintiff for the cabinets and that the cabinets be delivered to Moss. Here, the express contract established by all of the evidence negates implication of any promise by Moss to pay plaintiff. As above noted, what rights or liabilities, if any, Holbrooks may have with respect to the cabinets are not presented for adjudication in this litigation.

[3]  For the reasons noted above, it is our opinion that the trial judge should have granted appellant's motion for a directed verdict made at the close of all the evidence. Since appellant also in apt time moved for judgment notwithstanding the verdict, as provided in Rule 50(b)(1) of the Rules of Civil Procedure, it is appropriate that we direct entry of judgment in accordance with appellant's motion. See Rule 50(b)(2). The cause is remanded to the trial court with the direction that judgment be

entered in accordance with appellant's motion for a directed verdict in its favor.

Reversed and remanded.

Chief Judge MALLARD and Judge HEDRICK concur.