THOMAS POOLE v. MARION BUICK CO., AND GENERAL MOTORS CORPORATION

No. 7229DC42

(Filed 28 June 1972)

1. **Uniform Commercial Code § 20— revocation of acceptance — notice**

     In order to effect a revocation of acceptance, the buyer must notify the seller of such revocation. G.S. 25-2-608.

2. **Sales § 13; Uniform Commercial Code § 20— rescission of purchase contract — absence of notice of revocation of acceptance**

     Plaintiff's evidence was insufficient for the jury in an action to rescind an automobile purchase contract where it failed to show that plaintiff ever gave defendant seller any notice of revocation of his acceptance of the automobile.

**3. Rules of Civil Procedure § 50— directed verdict by appellate court**

    The Court of Appeals could order a directed verdict in favor of defendants where defendants had properly moved for directed verdict at the close of all the evidence and for judgment notwithstanding the verdict.

APPEAL by defendants from *Matheny, District Court Judge,* 26 July 1971 Session, District Court, McDOWELL County.

This action was instituted for the recovery of $3,309.36 purchase price payments and $1,000.00 loss of use. The plaintiff alleged that on 8 October 1968 he had purchased a 1968 Buick GS400 automobile and had made payments therefor in the total amount of $3,309.36; that immediately after purchase the automobile started leaking water and had had other defects necessitating it being returned to the dealer on numerous occasions; that on 15 April 1969 the automobile was again returned to the defendant dealer for repairs which had not been made. The plaintiff sought recovery for breach of warranty and for a rescission of the purchase contract.

The defendants denied liability, and before trial moved that the plaintiff be required to elect whether he was proceeding for a rescission of the contract or for breach of the contract.

Before the commencement of the trial certain stipulations were entered into to the effect that plaintiff had bought the automobile in question from Marion Buick Company and had paid $3,502.03 therefor which was full payment; that the automobile had been driven 27,000 miles and;

    "Plaintiff's counsel stipulates that he voluntarily elects to rescind the purchase contract under which the 1968 model Buick automobile was purchased and to proceed on the theory that he is entitled to the full purchase price of the said automobile less a fair and reasonable amount to be decided by the jury for the depreciation and use of the said automobile."

The evidence on behalf of plaintiff may be summarized as follows:

On 8 October 1968 plaintiff purchased the automobile. He began having difficulty immediately after purchase. With less than 150 miles on the automobile he returned it to Marion Buick for repair of a water leak and misfiring motor. He con-

Poole v. Buick Co.

tinued to have trouble with the car, particularly a water leak, and subsequently returned the car to Marion Buick for repairs on frequent occasions. In August 1968 when the car had been driven 17,000 miles, plaintiff again returned the car to Marion Buick; and at that time Marion Buick took the motor apart and replaced a number of major parts. Plaintiff testified that the motor continued to misfire and that Marion Buick was never able to get the automobile to run properly. On 15 April 1969 after the plaintiff had had the car eighteen months and had driven it 27,000 miles, the engine "blew" at approximately 1:00 a.m. as the plaintiff was driving on Interstate Highway I-40. Plaintiff had the automobile towed to Marion Buick. Marion Buick had never charged plaintiff for any repairs made up until that time. On this occasion Marion Buick offered to dismantle the engine to determine if the cause of the engine failure was a defect in material or workmanship. If such a defect were found, repairs would be made without charge. If there were no defects in material or workmanship, plaintiff was to pay for the repairs. Plaintiff testified that he authorized Marion Buick to proceed in accordance with this offer and that he had also received a letter from Buick Motor Division of the defendant General Motors Corporation which repeated the offer made by Marion Buick and requested a reply from the plaintiff. Plaintiff testified that he never answered the letter and that the automobile is still at Marion Buick unrepaired.

At the close of plaintiff's evidence, the defendants moved for a directed verdict. This motion was denied. Defendants offered evidence to the effect that the automobile had been in the shop of Marion Buick on numerous occasions; that adjustments and repairs had been made free of charge in order to attempt to satisfy the plaintiff; that the plaintiff had "hot-rodded" the automobile which had caused the motor to overheat and a piston rod to be thrown through the engine, thereby causing the blowup; that defendants had offered to tear down the motor and if any defective parts or workmanship appeared, same would be repaired without charge; but if that was not the cause of the blowup of the motor, then the plaintiff would pay for the work; that the plaintiff had never agreed to this offer.

Defendants again moved for a directed verdict at the close of all the evidence and this motion was denied.

The jury returned a verdict in favor of the plaintiff awarding plaintiff $2,500. The defendants moved for judgment notwithstanding the verdict, and this motion was denied. Judgment in favor of the plaintiff was entered in accordance with the jury verdict, and defendants appealed.

*No brief filed for plaintiff appellee.*

*Story and Hunter by Robert C. Hunter for defendant appellant, Marion Buick Company.*

*Dameron and Burgin by Charles E. Burgin for defendant appellant, General Motors Corporation.*

CAMPBELL, Judge.

Defendants assign as error the denial of their motions for directed verdict made at the close of the plaintiff's evidence and renewed at the close of all the evidence and for judgment notwithstanding the verdict.

This assignment of error presents the single question of the sufficiency of the plaintiff's evidence, when viewed in the light most favorable to the plaintiff, to withstand defendants' motions for directed verdict. *Kelly v. Harvester Co.,* 278 N.C. 153, 179 S.E. 2d 396 (1971).

[1] In accordance with the stipulation entered by plaintiff's counsel at the commencement of the trial, the case was tried upon the theory of rescission of the contract. The statute no longer uses that term, but instead speaks of revocation of acceptance. G.S. 25-2-608. Under this statute, the buyer, in order to effect revocation of acceptance, must notify the seller of such revocation. Until the seller is given notice, there can be no effective revocation of acceptance. *Ibid.*

[2] All of the evidence on behalf of the plaintiff is to the effect that he began having mechanical trouble with the automobile immediately after he purchased it; that he returned the automobile to Marion Buick on numerous occasions and repairs were made free of charge; that the trouble continued until the engine finally blew up eighteen months after the date of purchase and after the automobile had been driven 27,000 miles. Nowhere is there any evidence that plaintiff ever gave defendants notice of his revocation of acceptance.

---

Poole v. Buick Co.

---

"Notice of rescission of a contract of sale must be clear and unambiguous, conveying the unquestionable purpose to terminate the contract; and where, from the conduct of the one having the right to rescind, it is not clear whether he has rescinded the contract, he will be deemed not to have done so . . . . " 46 Am. Jur., Sales, § 763.

In the instant case plaintiff merely left his automobile at Marion Buick's place of business. There is a conflict in the evidence as to whether plaintiff instructed Marion Buick to determine if the cause of the engine failure was defective materials or workmanship but it is clear from the evidence that plaintiff never gave Marion Buick any notice of revocation of acceptance. Plaintiff kept and operated the automobile for eighteen months and drove it 27,000 miles. There is no construction of the evidence which would allow a jury to find that defendants had been notified of a revocation of acceptance; therefore, defendants' motions should have been allowed.

[3] Defendants properly moved for directed verdict at the close of all the evidence and for judgment notwithstanding the verdict. It is, therefore, appropriate for this Court to order a directed verdict in favor of defendants. *Nichols v. Real Estate, Inc.,* 10 N.C. App. 66, 177 S.E. 2d 750 (1970).

This cause is remanded to the trial court with the direction that judgment be entered in accordance with the motion of appellants for a directed verdict in their favor.

Reversed and remanded.

Judges BRITT and GRAHAM concur.