JOHN S. SAMIA AND WIFE, FRANCES SAMIA v. A. J. BALLARD, JR. TIRE & OIL COMPANY, INC.

No. 753SC74

(Filed 7 May 1975)

1. **Appeal and Error § 6; Rules of Civil Procedure § 50— mistrial — denial of motion for directed verdict — no appeal**

   An order denying a motion for directed verdict following a mistrial is not appealable.

2. **Landlord and Tenant § 6— operation of service station —. conversion to convenience store — no breach of lease**

   Defendant did not breach its lease agreement with plaintiff when it converted from a full-scale service station with automobile repair facilities to a convenience store which sold gasoline where the lease agreement clearly gave lessee the right to adapt the premises to any lawful business use, rent was to be one cent per gallon of gasoline sold but in no event less than $265 per month, gasoline sales did not decrease with the change in the business, and defendant continued to pay plaintiff the minimum amount of rent specified in the contract; therefore, the trial court erred in denying defendant's motion for a directed verdict in an action for damages and rescission for the alleged breach of the lease agreement.

APPEAL by defendant from *Browning, Judge.* Order entered 18 September 1974 in Superior Court, CRAVEN County. Heard in the Court of Appeals 8 April 1975.

Plaintiffs instituted this action on 6 August 1973 seeking damages and rescission for the alleged breach of a lease agree-

ment. Evidence adduced at trial tended to show that on 11 April 1958 the Samias agreed to lease certain premises in New Bern to Sinclair Refining Co. The lease was for a term of 15 years, and the lessee had options to renew for 45 years thereafter. The rent was to be one cent per gallon of gasoline sold on the premises but in no event less than $265.00 per month. Article IV provided in part:

> "Lessor shall furnish at its sole cost and expense, the necessary consents and permits . . . required by any governmental authority for the construction and installation of the desired buildings, structures, and improvements including driveways and approaches over the sidewalks, parkways and curbing, and for installation and maintenance of tanks, pumps, signboards, light posts and lighting facilities, including illuminated signs, and other equipment and appliances for operating and conducting upon said premises a gasoline and oil filling and service station, including the greasing and servicing of automobiles, the making of minor replacements and repairs, the parking of automobiles for hire, and for the marketing of automobile tires, accessories, and other merchandise; all, or one or more, branches thereof being the business which Lessee proposes to conduct or cause to be conducted on said premises; Lessee reserving, however, the right to conduct or cause to be conducted thereon any lawful business."

Article V provided in part:

> "Lessee shall have the right to erect, install, maintain and operate on said premises such buildings, structures, improvements, equipment, fixtures (trade or otherwise) and appliances (with the right of removal as hereinafter provided), on, under, and above the ground as it may require or desire in the conduct of the business to be conducted on said premises . . . . "

The agreement also provided that a building was to be constructed on the premises for use as a service station.

Sinclair assigned its rights under the lease agreement to BP Oil Co., and BP assigned its rights to defendant. In early 1973 the service station was closed for remodeling. The wash pit and grease pit were removed. In July 1973 defendant's sublessee began operating a Stop-N-Go Grocery Store on the prem-

Samia v. Oil Co.

ises, selling self-service gasoline and oil in addition to grocery items. Defendant has paid plaintiff $265.00 rent each month, including the period during which the station was closed. Gasoline sales have never generated the minimum rent reserved under the lease.

The court denied defendant's motions for summary judgment and for a directed verdict at the close of plaintiff's evidence and at the close of all the evidence. The jury failed to reach a verdict and defendant moved, pursuant to G.S. 1A-1, Rule 50(b)(1), for judgment in accordance with its motions for a directed verdict. From the order denying this motion and ordering that the case be retried, defendant appealed to this Court.

Beaman, Kellum & Mills, by James C. Mills, for plaintiff appellees.

Dunn & Dunn, by Raymond E. Dunn, for defendant appellant.

ARNOLD, Judge.

[1] A threshhold question presented by this case is whether an order denying motion for directed verdict following a mistrial is appealable. We conclude that it is not appealable and that it is therefore subject to dismissal.

In a majority of jurisdictions which have considered this question, absent statutory provision to the contrary, orders of this kind have been held nonappealable. The decisions are primarily based on the reasoning that such orders are interlocutory and do not affect a substantial right of the movant. Compare Basciano v. Reinecke, 313 F. 2d 542 (2d Cir. 1963), and Dearborn Stove Co. v. Farmers Union Coop Gas & Oil Co., 304 F. 2d 273 (8th Cir. 1962), with Ford Motor Co. v. Busam Motor Sales, 185 F. 2d 531 (6th Cir. 1950), and Dostal v. Baltimore & O. R. Co., 170 F. 2d 116 (3rd Cir. 1948). See also Annot., 40 A.L.R. 2d 1284 (1955); 2B Barron & Holtzoff, Federal Practice and Procedure, Civil § 1082, at 434 (1961); 9 Wright & Miller, Federal Practice and Procedure, Civil § 2540, at 612 (1971). When the court denies a motion for judgment n.o.v. and orders a new trial, there is no judgment from which to appeal. 5A J. Moore, Federal Practice ¶ 50.16, at 2387-88 (2d ed. 1974).

Immediately following the jury's failure to agree on a verdict the appellant, pursuant to G.S. 1A-1, Rule 50 (b) (1), moved for judgment in accordance with its earlier motions for directed verdict. Without question, appellant strictly complied with the procedural requirements of Rule 50. However, Rule 50 has nothing to do with broadening appellate jurisdiction. The scope of the court's jurisdiction on appeal in this case is found in G.S. 1-277 and in Rule 4 of this Court.

There is no verdict or judgment from which to appeal, and there is no statute granting this Court jurisdiction to hear an appeal from an order such as was entered in this case. The order is not appealable.

Even though we hold that there is no right to appeal in this action, since the facts are not in dispute, and on the basis of the unambiguous lease agreement, we elect to treat the appeal as a petition for certiorari, which we grant.

[2] Viewing the evidence in the light most favorable to plaintiffs we are of the opinion that defendant is entitled to judgment as a matter of law. See *Summey v. Cauthen*, 283 N.C. 640, 197 S.E. 2d 549 (1973) ; *Burns v. Turner*, 21 N.C. App. 61, 203 S.E. 2d 328 (1974). Although the parties to the lease may have contemplated that the premises would be used for a full-scale service station, with automobile repair facilities, Articles IV and V of the agreement clearly give the lessee the right to adapt the premises to any lawful business use. Gasoline sales have not decreased under the current operation of the premises, and plaintiffs have not been deprived of rental income.

There being no breach of the lease agreement, the trial court erred in denying defendant's motion for a directed verdict. Since defendant made a timely motion for judgment in accordance with its motion for a directed verdict, we reverse the order appealed from and remand with directions to the trial court to enter judgment in defendant's favor. G.S. 1A-1, Rule 50 (b) (1) & (2) ; see *Chavis v. Reynolds*, 22 N.C. App. 734, 207 S.E. 2d 396 (1974) ; *Nichols v. Real Estate, Inc.*, 10 N.C. App. 66, 177 S.E. 2d 750 (1970).

Reversed and remanded.

Chief Judge BROCK and Judge PARKER concur.