**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 15 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AAA NEVADA INSURANCE COMPANY, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> BENJAMIN D. BUENAVENTURA; MARK FRANCIS D. BUENAVENTURA; FIDES B. PALAPAR; MARY CHRISTINE B. PANGILINAN; LAURA E. BUENAVENTURA; MARIA A. BUENAVENTURA; ROSALIND BACUS; CLARA DELEON BUENAAVENTURA, individually and as Special Administrator for the Estate of Benjamin Buenaventura, <br><br> Intervenors - Appellees, <br><br> VINH CHAU; LANG CHAU, <br><br> Defendants - Appellees. | No. 13-17664 <br><br> D.C. Nos. 2:08-cv-00827-RCJ-CWH <br> 2:12-cv-01402-JCM-VCF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Robert Clive Jones, Senior District Judge, Presiding

Submitted February 10, 2016[**]
San Francisco, California

Before: TASHIMA and W. FLETCHER, Circuit Judges and GETTLEMAN,[***] Senior District Judge.

Plaintiff-Appellant AAA appeals the district court's Federal Rule of Civil Procedure 60(b) ruling vacating the court's prior order granting summary judgment in favor of AAA. The earlier order had concluded that AAA had not acted in bad faith by failing to settle a wrongful death claim. We find that we have appellate jurisdiction, and we reverse.

Orders under Rule 60(b) vacating judgments are ordinarily considered interlocutory and not appealable. *Ballard v. Baldridge*, 209 F.3d 1160, 1161 (9th Cir. 2000); *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 817 (9th Cir. 1961). Such orders are akin to orders granting a new trial, which are also not final. *Gilliland v. Lyons*, 278 F.2d 56, 58 (9th Cir. 1960).

There is, however, an exception. This Court has appellate jurisdiction, notwithstanding the interlocutory nature of an appeal, if the district court lacked

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Robert W. Gettleman, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

jurisdiction to issue its Rule 60(b) order. *Phillips v. Negley*, 117 U.S. 665, 671-72 (1886); *Gilliland*, 278 F.2d at 58. Here, the district court lacked jurisdiction to vacate its earlier order both because the Buenaventuras' claim was frivolous and their Rule 60(b)(6) motion was untimely.

A federal court does not have jurisdiction over "frivolous" claims. *Bell v. Hood*, 327 U.S. 678, 682-83 (1946); *Williston Basin Interstate Pipeline Co. v. Exclusive Gas Storage Leasehold*, 524 F.3d 1090, 1094 (9th Cir. 2008); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). The Buenaventuras' argument that they have standing to assert a bad faith refusal to settle claim has already been rejected by this Court. *AAA Nev. Ins. Co. v. Chau*, 463 F. App'x 627 (9th Cir. 2011); *see also Tweet v. Webster*, 610 F. Supp. 104, 105 (D. Nev. 1985). Furthermore, as the district court originally determined, the Buenaventuras' claim that AAA acted in bad faith in refusing to settle the wrongful death claim is utterly false. The basis of the district court's granting relief under Rule 60(b) was an asserted violation of federal constitutional due process. The Buenaventuras' claim that it would violate due process to not allow them to litigate their bad faith claim is frivolous. Because the Buenaventuras' claim was frivolous, the district court lacked jurisdiction to grant the Buenaventuras relief. *Bell*, 327 U.S. at 682-83.

The district court also lacked jurisdiction because the motion was untimely. *See Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) ("Since the Rule 60(b)(2) motion was not filed within one year of entry of judgment, the district court lacked jurisdiction to consider it."). The district court could properly consider the motion under Rule 60(b)(6) because none of the other Rule 60(b) grounds apply to the Buenaventuras' argument that the earlier order created an unfair result by preemptively concluding that AAA has not (and never will) commit bad faith during the handling of the Buenaventuras' claim. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 n. 11 (1988) (explaining that "a party may not avail himself of the broad 'any other reason clause' of 60(b) if his motion is based on grounds specified in" 60(b)(1) through 60(b)(5)).

A Rule 60(b)(6) motion, however, "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam) (citations omitted). The district court did not address the timing issue, but implicitly found the motion timely by granting it. However, the Buenaventuras offer no reason for waiting almost three years to bring the motion;

the motion did not rely on any previously unknown facts; and AAA will undeniably be prejudiced if the summary judgment order is vacated. Under these facts, it was an abuse of discretion for the district court implicitly to find that the motion was filed within a reasonable time. Because the motion was not properly before the district court, the district court lacked jurisdiction to grant it.

**REVERSED.**